CITY OF SANFORD, *Appellant,* vs. J. C. DIAL, et al.,
*Appellees.*

142 So. 233.

Division B.

Opinion filed January 12, 1932.
Petition for rehearing granted March 31, 1932.

2

4

*Fred R. Wilson, E. J. L'Engle, J. W. Shands* and *F. P. Fleming* and *Erle B. Askew,* for Appellant;

*DeCottes & Spencer,* for Appellees.

*Edwin Brobston* and *Albert B. Bernstein,* as Amici Curiae.

WHITFIELD, P.J.—This appeal is from an order overruling demurrers to a bill of complaint brought to foreclose the lien of tax certificates for State and county taxes, the demurrers being addressed to allegations that stated liens of the city for special assessments ''are subject, subordinate, junior and inferior to the lien'' of the tax certificates for State and county taxes that are being foreclosed.

The Constitution contains the following:

''The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits.'' Sec. 5, Art. IX.

The statutes contain the following:

''All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all

other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment." Sec. 894, C. G. L.

"It shall be the duty of all sheriffs, commissioners, masters in chancery, or other officers, whose duty it shall be to make sale of any property under the process or order of any court, to pay from the proceeds of such sale, after the payment of the costs of the proceedings wherein the said sale is made, and the counsel fees if any allowed by the court, all taxes, state, county and municipal, which may be assessed, due and unpaid against the said property, including any and all sums which may be required to be paid to redeem the same from the lien of all back taxes to pay certificates outstanding against the same." Sec. 954, C. G. L.

"Special assessments for improvements, hard-surfacing, and paving of any streets shall be payable by the owners of the property abutting upon said street or streets assessed for said improvement at the times and in the manner stipulated in the resolution providing for said improvement, and said special assessment shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid." Sec. 104, Chap. 9897, Acts 1923, Sec. 5030, C. G. L.

"Taxes and assessments, together with the interest imposed for delinquency and cost of collection, shall be and continue a lien upon the property assessed, superior to all other liens or claims until the same shall be paid." Sec. 79, Chap. 9897, Acts 1923. Sec. 7, Chap. 9897, Acts 1923.

Chapter 14572, Acts 1929, authorizes the foreclosure of the liens of tax certificates, Sec. 13; and provides that the lands may be "sold to satisfy the decree in the same manner as in the foreclosure of mortgages on real estate, and such decree shall have the force and effect of a decree foreclosing a mortgage on real estate." Sec. 23; and "the purchaser at any sale in suits for the foreclosure of tax certificates or deeds shall be entitled to a deed and the same process and remedies to obtain possession of the

premises as in suits for the foreclosure of mortgages. The title to the land conveyed by such deed shall be indefeasible as to all parties defendant in the action.'' Sec. 28, Chap. 14572, Acts 1929.

The last quoted section of the statutes, considered with the other statutes, contemplates that the lands sold under foreclosure decree will bring enough at the sales to pay all State and municipal taxes and all legal and not released municipal assessments against the property sold and the title conveyed is ''indefeasible'' ''as to all parties defendant in the action;'' but State and municipal taxes and assessments remain a lien upon the lands until paid or released, when statutes give the liens and provide that such liens shall continue until paid.

In proceedings to foreclose tax liens under Chapter 14572, Acts of 1929, it is proper for the bill of complaint to set out all the municipal liens against the lands. Amounts due on State and county tax sale certificates being foreclosed are to be first satisfied; and if the lands sold under judicial decree do not bring enough to satisfy all State and municipal liens which by law continue until they are paid, the purchaser of the lands at the judicial sale takes title subject to any unpaid State and municipal tax liens upon the lands including special assessment liens until they are satisfied or released, where such liens are for the benefit or protection of the municipality and such liens by statute continue until paid. The general demurrer was not well taken and the special demurrer is too broad in its scope.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., not participating.

ON REHEARING.

Opinion filed May 5, 1932.

WHITFIELD, J.—On May 21st, 1931, J. C. Dial bought from the State of Florida two tax sale certificates numbered 193 and 194, issued in 1927, covering real estate in the City of Sanford, in Seminole County, such certificates representing State and county tax liens. Dial seeks to foreclose such tax liens as provided by Chapter 14572, Acts of 1929. The bill of complaint makes the City of Sanford and other claimants to an interest in the lands, parties to the suit, and in substance alleges that in the purchase of the tax sale certificates from the State, the complainant paid all outstanding, omitted and subsequent taxes due the State of Florida and County of Seminole, and has redeemed all subsequent tax certificates affecting the lands described in said tax sale certificates; that named defendants severally may have some interest in the lands, which interest is subordinate to the lien of the tax sale certificates; that the City of Sanford has or claims to have certain liens against the property described in said tax sale certificates numbered 193 and 194 to cover the cost of stated street paving and street improvements in the City of Sanford, Florida; that the liens of said tax sale certificates numbered 193 and 194 are superior and paramount in dignity in every respect whatsoever to the liens claimed by the City of Sanford, Florida, for said street paving special assessments; that "said liens so claimed by the defendant, City of Sanford, Florida, are subject, subordinate, junior and inferior to the liens of said tax sale certificates."

It is prayed that an accounting be had and that the defendants

"be decreed to pay unto your Orator whatever sums shall be due your Orator under and by virtue of said tax sale certificates Nos. 193 and 194, together with legal interest thereon and costs of this proceeding, including

a reasonable attorney's fee, within a short day to be named by this Court; that in default of such payment, the premises described in said tax sale certificates Nos. 193 and 194 may be sold as this Court may direct, to satisfy said indebtedness and costs, including a reasonable attorney's fee; that in case of sale under decree of foreclosure and sale, the said defendants and all persons claiming by, through or under them, after the commencement of this suit, may be forever barred and foreclosed of and from all right in equity of redemption in and to the property described in said tax sale certificates Nos. 193 and 194; that in case of sale of said property under proper decree of this Court, the purchaser at said foreclosure sale may have a writ of assistance directed to any and all persons in possession of said premises, requiring any and all persons in possession of said premises to deliver up possession of said premises to the purchaser at said foreclosure sale, and that your Orator may have such other and further relief in the premises as equity may require and to your Honor shall seem meet and proper."

The Court by order overruled a general and a special demurrer filed by the City of Sanford and an appeal was taken from such order.

The allegations of the bill of complaint and the demurrers thereto present questions of priority and parity of liens claimed by the complainant under the State tax sale certificates and by the city under the municipal special assessments.

The Constitution contains the following:

"The legislature shall provide for a uniform and equal rate of taxation" and for "a just valuation of all property;" and "shall provide for raising revenue sufficient to defray the expenses of the State for each fiscal year." Secs. 1 and 2, Art. IX.

"The legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxa-

tion. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits." Sec. 5, Art. IX.

The statutes contain the following:

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment." Sec. 894, C. G. L. 1927; Sec. 1, Chap. 14572, Acts of 1929; Chap. 10040, Acts of 1925.

"All real and personal property shall be subject to taxation on the first day of January of each year, and this Chapter shall create a lien upon such property for the purposes thereof superior to all others, which lien in addition to the provisions of this Chapter for the collection of taxes on personal property may be enforced by suit in equity." Sec. 896, C. G. L. 1927; Sec. 3, Ch. 5596, Acts 1907.

Chapter 9897, Acts of 1923, the City of Sanford Charter act contains the following:

"Special assessments for improvements, hard-surfacing, and paving of any streets shall be payable by the owners of the property abutting upon said street or streets assessed for said improvement at the times and in the manner stipulated in the resolution providing for said improvement, and said special assessment shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid." Sec. 104. See also Sec. 3030, C. G. L. 1927.

"Taxes and assessments, together with the interest imposed for delinquency and cost of collection, shall be and continue a lien upon the property assessed, superior to all other liens or claims until the same shall be paid." Secs. 7 and 79, Chap. 9897, Acts of 1923.

Chapter 14572 contains the following:

"Any holder of a certificate of tax sale or a tax deed therefor, whether heretofore or hereafter issued, including the State of Florida, is hereby authorized on and after January 1st, 1930, to file a bill of chancery to

foreclose the lien of such certificate or deed, and the practice, pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given.'' Sec. 13.

''A bill of complaint, unless in a suit of the State, shall be sworn to, and shall briefly set forth the fact of the issuance of the tax certificate or deed and the fact that complainant has paid all omitted and subsequent taxes and interest thereon and has redeemed all subsequent tax sale certificates affecting the same land.'' Sec. 14.

''In suits brought on tax sale certificates or deeds held by the State of Florida, or any individual or corporation, as many tax sale certificates and/or deeds on lands in the same county may be included in one suit as the complainant may desire and as many parties may be made defendant as may be necessary. All those having or claiming any interest in any lands embraced in any of such tax sale certificates or deeds, by reason of ownership, lien or otherwise, may be made parties to such suits, and personal service of process and constructive service by publication shall be made and given in accordance with the law applicable to the foreclosure of mortgages upon real estate unless otherwise herein provided.'' Sec. 15.

''If the Court shall determine that any tax, tax sale certificate, tax deed or portion thereof is illegal, the court shall enter a decree for such taxes, or portion thereof, as may be due and unpaid, with penalty, interest and costs.'' Sec. 22.

''The final decree in any such action shall determine the amount due on the tax certificate or deed and omitted subsequent taxes and subsequent tax sale certificates, including a reasonable attorney's fee and costs, and the property described in the certificate shall be ordered sold and shall be sold to satisfy the decree in the same manner as in the foreclosure of mortgages on real estate, and such decree shall have the force and effect of a decree foreclosing a mortgage on real estate.'' Sec. 23.

"The purchaser at any sale in suits for the foreclosure of tax certificates or deeds shall be entitled to a deed and the same process and remedies to obtain possession of the premises as in suits for the foreclosure of mortgages. The title to the land conveyed by such deed shall be indefeasible as to all parties defendant in the action." Sec. 28.

The Constitution does not regulate tax liens, therefore the subject is controlled by statutes. The provision of Section 894, Compiled General Laws, 1927, that

"all taxes imposed pursuant to the constitution and laws of this State shall be a first lien superior to all other liens * which (lien) shall continue in full force and effect until discharged by payment,"

and the provision of Section 896 (696) Compiled General Laws, 1927, which enacts a lien "superior to all others" upon all real and personal property for taxes assessed against it, places upon an equal footing all valid State, county and municipal taxes as distinguished from special assessments. State, county and municipal taxes are "imposed pursuant to the constitution and laws of this State," and the constitution provides that "all property shall be taxed upon the principles established for State taxation." See Section 3013, Compiled General Laws, 1927. Special assessments are authorized by statute, and are not expressly referred to in the constitution, as are State, county and municipal taxes. Under Section 3030, Compiled General Laws, 1927, municipal assessments for street improvements "shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid." The same provision is contained in Section 104, Chapter 9897, Acts of 1923, the Sanford Charter Act. The statutory provisions do not make special assessments liens of equal dignity with liens for State, county or municipal taxes. The provisions of Section 79, Chapter 9897, Acts of 1923, the City of Sanford Charter Act, that liens for taxes and assessments shall be "superior to all other liens

or claims until the same shall be paid," do not make the liens of special assessments equal in dignity to liens for taxes, but do make liens for special assessments superior to liens or claims other than liens for taxes. When the special assessment liens were created they were inferior to State, county and municipal tax liens. See Gailey v. Robertson, 98 Fla. 176, 123 So. 692.

Section 954, Compiled General Laws, 1927, indicates that State, county and municipal *taxes* are required to be paid upon a basis of equality in judicial sales of property. See also Section 3000, Compiled General Laws, 1927.

Where bonds of the city issued for improvements are direct obligations of the city, the special assessment liens held by the city for such improvements are in the nature of additional resources for the payment of the bonds, the city being obligated to exert its taxing power to pay the bonds even if the special assessment liens fail. See Klemm v. Davenport, 100 Fla. 627, 129 So. 904, 70 A. L. R. 156, 136 So. 263.

Administrative tax deeds issued upon tax sale certificates are required by statute to contain the following:

"Provided, however, that said land shall continue subject and liable for any unpaid taxes thereon." Sec. 1003 (779) C. G. L. 1927, amended by Chap. 14572, Acts 1929; Sec. 1003 (779) Cum. Suple. of 1932 to C. G. L. 1927.

In order that a more comprehensive title may be acquired predicated upon tax sale certificates, certain sections of Chapter 14572, Acts of 1929, were enacted authorizing the foreclosure in equity of the liens of State and county tax sale certificates, and providing for making parties to the foreclosure suit, those having other liens upon the land, and for issuing deeds upon judicial sales which would convey a title to the lands covered by tax certificates that would be "indefeasible as to all parties defendant in the action." Sections 15 and 28. See Lee

v. Walter R. Keogh, Inc., decided at this term. The above and other provisions of Chapter 14572 contemplate that all lien claimants may be made parties in suits to foreclose State tax liens so as to pass the indefeasible title provided for.

Before a suit is brought by a private party to enforce the lien of State tax sale certificates or tax deed held by him, such party is required to pay to the clerk of the Circuit Court the proper amount for the redemption or purchase of all omitted subsequent taxes and outstanding subsequent certificates covering the land. Sec. 29, Chap. 14572. As to allegations required to be made in the bill of complaint in tax lien foreclosure suits, see Section 14. The Court shall determine whether any tax, tax sale certificate, tax deed or portion thereof is illegal, and shall enter a decree for such taxes as may be due and unpaid, Section 22. All those having or claiming any interest in the lands, by reason of ownership, lien or otherwise, may be made parties to the foreclosure suit. Section 15. The title to the land conveyed pursuant to foreclosure sale "shall be indefeasible as to all parties defendant in the action." Section 28. If a municipality having liens for taxes and special assessments on lands, is not made a party in a suit to foreclose State and county tax liens on the land, so that the municipal liens may be adjudicated in the suit, a sale of the land under the foreclosure proceedings will be subject to such municipal tax and special assessment liens. See Lee v. Walter-Keogh, Inc., decided at this term.

When a municipality having tax and special assessment liens is made a party to a suit in equity to foreclose State and county tax liens, all the municipal liens may be appropriately adjudicated in the suit. Where a municipality is made a party to the foreclosure of the lien of a State and county tax sale certificate, and the municipal liens are adjudicated, such liens are extinguished or trans-

ferred to the proceeds of the foreclosure sale by virtue of the judicial proceeding and adjudication in equity resulting in a decree and sale of the land under the various liens; and such judicial extinguishment or transfer of the liens as a result of statutory priorities enforced in equity when the land does not sell for enough to pay all adjudicated liens, constitutes a payment and discharge of the liens within the contemplation of the statutory provision that such liens shall continue until paid. See Van Huffel v. Harkelrode, 52 U. S. Sup. Ct. 137, 76 Law. Ed. —, Dec. 7, 1931. When the liens were created the statute authorized them to be enforced in equity. Sections 5034, 896, 2955, 2977, C. G. L. 1927. The powers and functions of courts of equity are recognized by the constitution and laws of this State. Sections 5, 11, 12, Art. V. Constitution; Sections 5034, 896, 1020, 4919, 5004, C. G. L. 1927.

In the distribution of the proceeds of a State tax lien foreclosure sale of lands in a municipality, when the municipal liens are adjudicated, all amounts due on State, county and municipal *tax* liens when they are of equal dignity, should be paid ratably, if the funds are insufficient to pay all such tax liens. If there be a surplus after paying all the State, county and municipal *tax* liens, the municipal *special assessments* should be paid ratably if the funds are not sufficient to pay all, unless otherwise provided by law or by proper decree.

A purchaser at a tax lien forclosure sale under Chapter 14572, takes subject to liens for State and county taxes and municipal taxes and special assessments, that are not past due when the foreclosure decree is rendered. If any such taxes or special assessments upon the land involved becomes past due and are unpaid before suit is brought or pending final decree in the suit, they should all be duly adjudicated by original or supplemental proceedings and appropriate decree in the cause, in order that such liens

for past due taxes and special assessments may be extinguished, and a title "indefeasible as to all parties defendant in the action" may be passed to the purchaser at the foreclosure sale as contemplated by Section 28, Chapter 14572.

In this suit brought to foreclose the lien of State and county tax sale certificates, the municipality having special assessment liens on the land as well as others claiming interest in the land, were made parties. It is not alleged that the city or its assignee has *tax* liens against the land. The proceeds of the foreclosure sale should be applied first to all liens for past due and unpaid taxes, including those held by the municipality or its assignee if any, as well as those held by the complainant or by the State; second, to the past due special assessments; and then to the private parties having an interest in the land, as may be required by law and appropriate decree. The sale will be subject to liens for taxes and special assessments which will thereafter become due and to past due tax and special assessment liens not duly adjudicated and extinguished.

The statements in the original opinion herein, 139 So. 144, that unpaid taxes and assessments remain liens upon lands until paid where the lands are sold in tax foreclosure proceedings for less than all past due taxes and special assessments, should be confined to liens for taxes and assessments that become due subsequent to the decree of sale and to such liens for past due taxes and special assessments as have not been duly adjudicated and extinguished.

Affirmed.

BUFORD, C.J., AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.