CITY OF LAKE WORTH v. C. J. McLEOD.

151 So. 318.
Opinion Filed November 24, 1933.

*L. T. McGee* and *Giles J. Patterson,* for Appellant;
*A. H. Shoupe,* for Appellee.

## STATEMENT.

The appellee, C. J. McLeod, complainant below, filed in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County a bill to foreclose a State and county tax certificate on certain property in the City of Lake Worth. The bill alleges that the tax sales certificate upon which the suit was instituted was sold to the Treasurer of the State of Florida on July 4th, A. D. 1927, and that it was purchased by the complainant, McLeod, from the Clerk of the Circuit Court of Palm Beach County, as the duly authorized representative of the Treasurer of the State of Florida, on the 30th day of April, A. D. 1931, for a total sum of $109.67. This bill set forth the interest claim by the various defendants, except the City of Lake Worth. The City of Lake Worth was later made party defendant by an amendment to the bill of complaint, in which amendment it is alleged that said City of Lake Worth claims certain liens upon the property sought to be foreclosed, as follows: Public improvement Assessment Lien for Sidewalks, in the sum of $24.24, with interest; Public Improvement Assessment Lien for Sewers, in the sum of $46.28, with interest; Public Improvement Assessment Lien for

Street, in the sum of $91.40, with interest; Public Improvement Assessment Lien for Curb, in the sum of $14.30, with interest; Public Improvement Assessment Lien for Sewer, in the sum of $98.48, with interest; the foregoing improving assessment aggregating $274.70. The bill alleges that all these special assessment liens are recorded in the various Lien Record Books of the said City of Lake Worth and are claimed by the said City of Lake Worth as a lien on the land sought to be foreclosed, but said amendment alleges that complainant's lien for State and county taxes described in and sought to be foreclosed in the bill of complaint, is superior in point of time of attaching and in dignity of law as by law ordained to each and every of said assessments, and that whatever right, title, lien or interest may be had or claimed by said City is inferior and secondary to the lien and rights of the complainant as set forth in the bill. The bill and amendment conclude with the usual prayers contained in a bill of this nature.

The defendant, City of Lake Worth, filed a demurrer to the complainant's bill of complaint and to the amendment which was directed to said defendant. The point raised in the demurrer was that the bill did not allege sufficient facts to show the alleged superiority of the complainant's lien over the liens of the defendant City. The appeal is from an order overruling the demurrer.

WHITFIELD, J.—The only question presented is whether liens upon lands for special assessments for public improvements that afford individual property benefits, are of equal dignity with the liens upon the same lands for State and county *ad valorem* taxes. Statutes regulate tax liens and priorities.

The statutes of the State provide:

"All real and personal property shall be subject to tax-

ation on the first day of January of each year, and this Chapter shall create a lien upon such property for the purposes thereof superior to all others, which lien in addition to the provisions of this Chapter for the collection of taxes on personal property may be enforced by suit in equity." Sec. 896 (696) Comp. Gen. Laws, 1927.

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment." Sec. 894, Comp. Gen. Laws, 1927.

"Special assessments for the improvement, hardsurfacing, paving and re-paving of any street or streets, or sidewalk or sidewalks shall be payable by the owners of the property abutting upon said street or streets assessed for said improvement at the time, and in the manner, stipulated in the resolution providing for said improvements, and special assessments shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid." Sec. 3030, Comp. Gen. Laws, 1927.

Special assessments made by the City of Lake Worth "shall constitute and be a lien upon the land against which the same is made from the date of the meeting of the Commission held to hear complaints against the said assessment, which lien shall be prior and superior in dignity to all other liens thereon except liens for taxes." Sec. 5, Art. IX, Chapter 10764, Acts of 1925, City of Lake Worth Charter Act.

Lands exempt from taxation do not include "lands sold for taxes for the use of any counties, cities, villages, towns or school districts." Section 897 (697), paragraph 2, Compiled General Laws, 1927. This provision indicates that State taxes are a primary charge upon property.

In determining the priorities of statutory liens upon lands for State and county *ad valorem* taxes and for municipal special assessments for public improvements involving individual property benefits, the latter class of liens are not of equal dignity with State and county taxes unless clearly so made by a fair interpretation of the intendments of the pertinent statutes considered together. The question is whether the statutes clearly make the liens for special assessments of equal dignity with State and county *ad valorem* taxes, not whether the statutes make the special assessment liens inferior to the liens of State and county *ad valorem* taxes. See City of Tampa v. D. Lee, and City of Miami v. D. Lee, decided at this term; Sanford v. Dial, 104 Fla. 1, 142 So. 233; Poekel v. Dowling, 108 Fla. 582, 146 So. 662.

The City of Lake Worth Charter Act provides that a special assessment as authorized by the city charter "shall constitute and be a lien upon the land against which the same is made * * * which lien shall be prior and superior in dignity to all other liens thereon except liens for taxes * * *." Such statutory provision, considered with the provisions as to liens for State, county and municipal taxes, do not clearly make the liens for special assessments of equal dignity with taxes for general governmental purposes, which latter are a primary and superior charge upon the lands unless otherwise provided by statute. While the City Charter statute does not make liens for special assessments inferior "liens for taxes," such charter Act does not make special assessment liens of equal dignity with "liens for taxes," but as was held in considering a similar city charter provision in City of Sanford v. Dial, 104 Fla. 1, 142 So. 233, the city charter provision makes liens for special assessments superior to all other liens "except liens for taxes." There is no provision in Section 5 of Chapter 15038, Acts

of 1931, or in Section 5 of Article IX of Chapter 10764, Acts of 1925, the Charter Act of the City of Lake Worth, which makes special assessment liens of equal dignity with State and county *ad valorem* taxes.

Statutes which make liens of city special assessments of equal dignity with liens of city taxes do not necessarily make such special assessment liens of equal dignity with State and county taxes, even if it be conceded that statutes may make liens of special assessments equal in dignity to State taxation. See Sections 2 and 5, Article IX, Constitution.

Section 954, Compiled General Laws, 1927, which requires officers who make sales of property under judicial process to pay from the proceeds of such sale "all taxes, State, county and municipal," clearly does not regulate priorities and does not mention special assessments.

The order overruling the demurrer to the bill of complaint is affirmed.

Davis, C. J., and Ellis, Terrell, Brown and Buford, J. J., concur.