STATE ADJUSTMENT CO. v. CLARENCE E. WINSLOW, and if married, MRS. CLARENCE E. WINSLOW, the CITY OF ST. PETERSBURG, a municipal corporation, *et al.*

154 So. 325.
Division B.
Opinion Filed April 26, 1934.

C. I. Carey and C. F. Harrison, for Appellant;

W. F. Way, Carroll R. Runyon and Lewis T. Wray, for Appellees.

WHITFIELD, P. J.—This appeal is from a decree, a portion of which adjudges certain liens for special assessments for local benefits to be of equal dignity with liens for State and county taxes.

It appears that a State and county tax sale certificate was by a private party purchased at the tax sale, September 3, 1928. On such certificate a tax deed was issued by the Clerk of the Circuit Court, December 1, 1931. The holder of the tax deed brought foreclosure proceedings on the tax deed under Chapter 14572, Acts of 1929, in order to perfect title against possible outstanding liens on the land covered by the tax deed.

Among others, the City of St. Petersburg was made a party defendant and the City asserts special assessment liens which it claims were made of equal dignity with State and county taxes by Chapter 14396, Special Acts of 1929, which enacts:

"That the lien imposed, or to be imposed, by the City of St. Petersburg by special assessments made, or to be made, and certificates of indebtedness issued, or to be issued, by said City be and the same are hereby declared to be of equal dignity with the tax liens of the State of Florida, and the County of Pinellas."

When the tax certificate was purchased by the private party at the tax sale, liens for special assessments were not

of equal dignity with liens for State and county taxes under the statute. City of Sanford v. Dial, 104 Fla. 1, 142 So. 233, text 238; City of Tampa v. Lee, 112 Fla. 668, 151 So. 316; City of Lake Worth v. McLeod, 112 Fla. 843, 151 So. 318.

Even if under the Florida Constitution a special or local law may make the liens of special assessments for local benefits of equal dignity with liens for State and county taxes, the special or local law here, Chapter 14396, Acts of 1929, was enacted after the State and county tax certificate had been purchased at the tax sale by the assignor of the holder of the tax deed here being foreclosed, and the statute cannot impair the contract rights of the tax deed holder. While some of the special assessment liens matured for payment after the tax sale certificate was purchased and after the enactment of Chapter 14396, the liens of the special assessments relate to the date they were acquired prior to the purchase of the tax sale certificate in 1928; and the statute enacted in 1929, if otherwise valid, cannot make special assessment liens of equal dignity with the lien of a State and county tax sale certificate purchased at a tax sale prior to the enactment of the statute purporting to make the liens of equal dignity, since that would in effect impair the contract rights of the purchaser of the tax sale certificate or its assignee.

Reversed for modification of decree.

BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.