STATE ADJUSTMENT CO. v. CLARENCE E. WINSLOW, *et al.*

157 So. 507.
Opinion Filed November 9, 1934.

*C. I. Carey* and *C. Frank Harrison,* for Appellant;
*W. F. Way* and *Carroll R. Runyon,* for Appellees.

BUFORD, J.—This is the second appearance of this case here. See State Adjustment Company v. Winslow, *et al.,* 114 Fla. 609, 154 Sou. 325.

It is now before us on appeal from modified final decree. The modified final decree does not comport with the law of the case as enunciated in the opinion and judgment above referred to in that the decree holds: "That there is due the City of St. Petersburg, a municipal corporation, the sum of $7511.13 by reason of its five special assessment improvement liens hereinabove described in this decree with interest as provided in said liens, and there is due plaintiff the further sum of $64.00 as a reasonable solicitor's fee for plaintiff's solicitors, and in addition thereto all costs of Court in connection with this proceeding.

"That the amount due the plaintiff for all monies paid out by it for the purchase of tax certificates for the years 1927, 1928 and 1929, together with all interest and penalties from the date of the issuance of the said tax certificates constitutes a lien prior in dignity to the lien of the special assessments of the City of St. Petersburg hereinabove referred to; that the amount paid by the plaintiff herein for the redemption of all subsequent and omitted taxes subsequent to taxes for the year 1929 as required by law constitutes a lien which is on a parity with the lien of the City of St. Petersburg for its special assessments."

In this modified decree the Chancellor gave effect to Chapter 14396 being a Special Act of the Legislature approved June 7, 1929, insofar as that Act purported to constitute the liens acquired by special assesments theretofore

made by the City of St. Petersburg of equal dignity with assessments thereafter made of ad valorem taxes for State, county and municipal purposes.

There is no valid reason why such liens could not by legislative Act be raised to the dignity and be placed on a parity with ad valorem taxes assessed for municipal purposes, but a different condition exists in regard to ad valorem taxes assessed for State and county purposes.

To attribute to a special or local law the legal effect of making the lien of special assessments in the localities affected equal in dignity to the lien created by the assessment of ad valorem taxes for State and county purposes would be to destroy the uniformity of taxation which is guaranteed by the Constitution and would result in a tax lien created by the assessment of ad valorem, taxes for State and municipal purposes in one locality being superior in dignity to the lien of special assessments levied by taxing units, while in other localities to which the special statute applies it would be only of equal dignity with the lien created by such special assessments.

This constitutional requirement as to uniformity does not apply to assessments for municipal purposes and, therefore, it is competent for the Legislature to provide by statute that liens created by special assessments in a particular municipality may be of equal dignity with the liens created by municipal ad valorem assessments when no issue as to priority of lien created by those assessments and the lien created by ad valorem assessments for State and county purposes is involved.

In cases where such legislative Acts apply and a decree assumes to adjudicate the priority of liens created by ad valorem assessments for municipal purposes and special assessments for municipal improvements the liens created

by the ad valorem assessments for State and county purposes and the ad valorem assessments for municipal purposes should be held to be of equal dignity (Sanford v. Dial, 104 Fla. 1, 142 Sou. 233) and the special assessments to be of inferior dignity to the lien created by the ad valorem assessment for State and county purposes and the court should retain jurisdiction for the purpose of distributing the fund which may be acquired by the municipality as between the holders of the liens created by municipal ad valorem assessment and the holders of liens created by special assessment as their interest may appear.

For the reasons stated, the decree is reversed with directions that a decree be entered in conformity with the opinion and judgment of this Court heretofore rendered and not in conflict with the expressions herein contained.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.