SUGAR BOWL DRAINAGE DISTRICT v. SALLIE S. MILLER, *et vir.*

162 So. 707.
Division B.
Opinion Filed July 12, 1935.

*L. W. Hardy* and *Alvan B. Rowe,* for Appellant;
*Evans & Glenn* and *John F. Burket,* for Appellee.

TERRELL, J.—Appellee brought suit in equity pursuant to Chapter 14572, Acts 1929, to foreclose a tax certificate issued August 4, 1919, for the non-payment of State and county taxes of 1918. Appellants were named parties defendant and appeared to the bill, but defendant, Ringling Isles, Inc., suffered a decree *pro confesso* to be entered against it. The defendant, Sugar Bowl Drainage District, filed its answer in which it alleged that none of the drainage taxes had beeh paid on the land involved since the district was organized, that it (Sugar Bowl Drainage District) had foreclosed on drainage tax certificates and had taken a master's deed to the lands as authorized by law, that said

deed is now held by it to enforce payment of said drainage taxes, and that appellee has never offered to pay said drainage taxes or any part of them, though they are equal in dignity to appellee's claim. The answer further alleges that bonds have been issued against the drainage district which constitute a prior lien against the taxes. Other allegations are contained in the answer, but they are not material to the questions raised.

A motion to strike that part of appellant's answer asserting that its claim was equal in dignity to the claim and lien of appellee was granted. An amended answer containing other allegations was filed and a motion to strike it was granted. This appeal is from the order granting the motion to strike as to both the original and the amended answer.

The first question argued here is whether or not a lien for State and county taxes levied before the formation of the drainage district is superior to the lien for drainage taxes made subsequently against the same lands.

Subject to vested rights and to applicable provisions, if any, the Legislature of this State has plenary authority to regulate the status, priority, and the method of enforcing tax liens. St. Lucie Estates v. Ashley, 105 Fla. 534, 141 So. 738; Burnett v. Green, 97 Fla. 1007, 1031, 122 So. 570, 578; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449. Section 1472, Compiled General Laws of 1927, enacted the same year, purports to make the lien for drainage taxes equal in dignity to the lien for State, county, and municipal taxes, but prior to the last mentioned Act the lien for State and county taxes was generally recognized as being superior to that for drainage taxes and special assessments. Pinellas Park Drainage Dist. v. Kessler, 69 Fla. 558, 68 So. 668; State Adjustment Co. v. Winslow,

114 Fla. 609, 154 So. 325, 117 Fla. 200, 157 So. 507; City of Sanford v. Dial, 104 Fla. 7, 142 So. 233; Section 696, Revised General Statutes of 1920, Section 896, Compiled General Laws of 1927.

Sugar Bowl Drainage District was incorporated under Chapter 6458, Laws of Florida, Acts of 1913, and was amended by Chapter 8902, Acts of 1921. The certificate involved in this litigation accrued in 1919, was prior in time and dignity to accruals for drainage taxes and was not affected by Section 1472, Compiled General Laws of 1927.

The fact that bonds are outstanding against the district in no way militates against this view. The bondholders purchased with knowledge of the law affecting them and may protect themselves by paying the taxes or redeeming the lands at any time before the expiration of the period of redemption. State v. Board of Commissioners of Cascade County, 89 Mont. 37, 296 Pac. 1.

It is next contended that when Sugar Bowl Drainage District foreclosed and took its master's deed for non-payment of drainage taxes the fee to the lands was merged in the title so secured.

Merger has reference to the absorption or extinguishment of one estate or contract into another, generally a lesser estate or right into a greater. A tax lien is said to merge in the ownership of the fee when the State becomes the absolute owner. State v. Locke, 29 N. M. 148, 219 Pac. 790. But a drainage district can no more acquire the unincumbered fee by foreclosing its drainage tax lien than a mortgagee can do so by foreclosing his mortgage. If appellant's contention be true, then it can acquire title to the lands in the drainage district and relieve them of all other forms of taxation.

Sections 694 and 697, Revised General Statutes of 1920,

and Sections 893 and 897, Compiled General Laws of 1927, define the classes of property that are subject to and exempt from taxation in this State and the exemptions do not cover lands owned by drainage districts. It is admitted that the lands in question are not used for public purposes.

Other questions raised have been examined, but we do not find them well grounded. The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.