**FANNIE B. MARSH v. W. E. DUNWODY, as Receiver of Limestone Drainage District.**

19 So. (2nd) 64                              June Term, 1944
July 25, 1944                                     Division B
Rehearing denied September 7, 1944

*M. A. Rosin,* for appellant.

*Mabry, Reaves, Carlton, Anderson & Fields,* for appellees.

SEBRING, J.:

Involved in this suit are two liens of equal dignity—one lien for delinquent drainage taxes, the other for past due and unpaid State and County taxes.

W. E. Dunwody, as receiver of Limestone Drainage District, filed his bill of complaint in the Circuit Court of Hardee County. Pending suit the receiver, by order of court, deposited into the registry of the court sufficient monies to pay off and discharge all outstanding and unpaid State and County taxes against the lands including interest, penalties and costs. All persons having or claiming any interests in the lands, including Fannie B. Marsh, the appellant herein, made parties defendant to the foreclosure suit. As to the appellant the bill of complaint alleged that she had or claimed some right, title or interest in a portion of the lands involved in the suit but that such right, title or interest was junior, inferior, and subordinate to the liens owned by the receiver.

Fannie B. Marsh answered, denying all the material allegations of the bill, and asserting that she held new and paramount title to said lands sought to be foreclosed, by virtue of tax deeds theretofore issued against the lands based on State and County tax certificates owned by her, which tax deeds canceled and extinguished by operation of the law the liens for drainage taxes held by the plaintiff.

The sufficiency of the answer as a defense came on to be heard by the court. Under the pleadings Fannie B. Marsh contended that her lien for State and County taxes was superior to the lien for drainage taxes and that by the procurement of a tax deed based upon her tax certificates she

had wiped out all drainage taxes. The chancellor concluded otherwise and entered a decree finding that Fannie B. Marsh had acquired the tax certificates subsequent to the enactment of a statute which declared liens of drainage taxes in this State to be of equal dignity with State and County tax liens on all lands upon which such taxes were levied, and that she had procured her tax deeds on said certificates during the pendency of the suit to which she had been made a party defendant and after lis pendens had been filed and necessary monies for the redemption of the certificates had been deposited in the registry of the court by court order. The decree ordered Fannie B. Marsh to accept the monies placed in the registry of the court for the redemption of her tax certificates and to execute a release of said property in favor of the receiver; otherwise the tax deeds to stand canceled by court decree.

Fannie B. Marsh failed to take down the redemption monies and to execute the release of the property as ordered, but instead, at final hearing and before entry of final decree, again appeared before the court with a petition for leave to redeem the property from the drainage tax liens; the theory of her petition being that as the owner of the tax title to the property she stood in the shoes of the original owner of the property subject to all the claims and liabilities legally accruing against such original owner on behalf of the plaintiff to the action, and that until plaintiff had reduced his claim from one of lien to one of ownership she was entitled to redeem the lands from the lien claim asserted by plaintiff. The prayer of the petition was that the receiver be required to furnish petitioner with a statement of unpaid drainage taxes claimed to be due against her particular lands and that she be given a short day thereafter within which to redeem said lands and thereupon be dismissed from the suit. The petition was not accompanied by a tender into court of monies sufficient to discharge the past due drainage tax liens against the particular lands, nor was there any offer to take care of court costs expended by plaintiff in bringing appellant into court.

The petition for leave to redeem the lands from delinquent

drainage taxes was denied and a final decree was entered by the court ordering that the land be sold to satisfy the plaintiff's lien for drainage taxes and that certificates be issued as required by law to the successful purchasers at the sale, vesting title to the lands in said purchasers if the certificates were not redeemed within one year thereafter by persons lawfully entitled to redeem. See Sec. 298.46 Florida Statutes, 1941. This appeal is brought by Fannie B. Marsh to review the orders and decrees adverse to her.

It is assigned as error that the trial court erred in setting aside the tax deeds and requiring the defendant to accept the redemption money paid into court before application for the tax deed; in denying defendant the right as the holder of a tax deed to redeem from the drainage tax liens asserted by plaintiff; and in entering final decree.

We fail to find error in the orders complained of. The appellant was made party defendant and given an opportunity to present such claim as she had to the property involved. Her defense was that she held title by tax deed which destroyed and extinguished the claim of the plaintiff. When she was brought into the suit, notice of lis pendens had been filed and she was on notice of the relief sought by the bill of complaint. At the date of institution of suit her claim was not based on a tax deed but consisted of a lien for State and County taxes against some of the lands included in the litigation. Her State and County tax certificates evidenced liens which were of equal dignity but were not superior to the liens which the plaintiff was foreclosing for past due drainage taxes. See Sec. 298.41 Florida Statutes, 1941. Clearly, cognizance had been taken by the receiver of the fact that past due State and County tax liens were outstanding against the lands in the district, for a court order had been procured by him directing that sufficient monies be deposited into the registry of the court for the purpose of redeeming the lands from such liens. Such money had been put up by the receiver. Undoubtedly he was acting to preserve his security. The chancellor must have thought it to be for the best interests of the drainage district, the individual landowners and the bondholders, that tax liens of

equal dignity be redeemed pending suit; else the court order authorizing redemption would not have been entered. The court decree authorizing such redemption has never been assailed, and may not now be questioned here. It was only after suit had been instituted, appellant had been made party defendant, and redemption money had been paid into the registry of the court that the appellant moved to procure her tax deeds. Prior to the time that the tax deeds issued she was entitled to no more than to be made whole for principal, interest, penalties, and legal costs properly incident to the procurement of her tax certificates. Money for this purpose had been made available to her by funds in the registry of the court, placed there by court order. We think that under these circumstances the issuance of the tax deeds gave the appellant no greater rights than she held under her certificates, and that it was proper for the chancellor to require her to accept the monies and deliver up the tax deeds in favor of the receiver.

It is well settled in this State that the holder of a lien for taxes which he seeks to foreclose by suit may make all parties having similar matured liens, except the State, parties defendant thereto, so that all unsatisfied liens against the property may be adjudicated in one suit and the title cleared; although such procedure is not mandatory. Tax Securities Corp. v. Investment Corp., 115 Fla. 536, 155 So. 752; City of Bradenton v. Lee, 120 Fla. 100, 162 So. 139. When this course of procedure is adopted and the liens are adjudicated, such liens are transferred to the proceeds of the foreclosure sale by virtue of the judicial proceeding, to be satisfied in whole, if the proceeds are sufficient, or ratably with plaintiff's lien, if the proceeds are not sufficient to take care of all liens of equal dignity brought into the suit. City of Sanford v. Dial, 104 Fla. 1, 142 So. 239. If title may be cleared of liens of equal dignity by this procedure, and such liens thereafter relegated to the fund to be derived from the sale of the property under foreclosure decree, there would seem to be no logical reason why a lien claimant in a foreclosure suit to which tax certificate holders of equal dignity have been made parties may not in the first instance bring sufficient money

into court for the purpose of redemption and by court order have such liens transferred to the redemption money—as was done here. Defendant tax lien holders have no just cause for complaint, in such event; for all that they are legally entitled to until their liens have ripened into title by appropriate procedure, is to be made whole, and the deposit of monies for them will accomplish that result.

We hold, therefore, that when a tax lien holder files suit for foreclosure of his lien, bringing into the suit owners of matured tax liens of equal dignity which are not otherwise in suit, and on institution of suit pays into the registry of the court, pursuant to court order, sufficient monies to take care of all amounts due on such liens, including interest, penalties and costs, such liens so brought into suit are transferred to the proceeds deposited into court for that purpose by virtue of the judicial proceedings authorizing and ordering such action.

The decree appealed from is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.