**UNITED STATES v. CERTAIN LANDS et al. (two cases).**

**Civ. Nos. 481, 527.**

District Court, S. D. Florida,

Jacksonville Division.

Feb. 21, 1947.

Giles J. Patterson, of Jacksonville, Fla., for Baldwin Drainage District.

Thomas B. Adams, of Jacksonville, Fla., for I. Otto Brown, claimant.

De VANE, District Judge.

The United States Government condemned a large tract of land in Duval County, Florida for war purposes. A large part of this property lay within the boundaries of the Baldwin Drainage District. After the Government paid into the registry of the court the amounts allowed for the lands appropriated rival claims were filed by the Drainage District and the land owners to the money in the registry of the court. After a hearing the court decided that Baldwin Drainage District held valid unpaid tax liens against the lands and was entitled to the money in the registry of the court.

On Appeal to the Circuit Court of Appeals the decision of the lower court was affirmed, except as to I. Otto Brown in Case No. 481-J-Civil and Case No. 527-J-Civil.

See Bostwick et al. v. Baldwin Drainage District, et al., 152 F.2d 1, 2.

As to the lands owned by I. Otto Brown the court said:

"The circumstance which distinguishes Brown's appeal from the others is this: Under the Act of 1913, the lien created in favor of drainage taxes was made subordinate to the lien of state and county taxes. By an amendment in 1927, F.S.A. § 298.41, the drainage tax lien was placed on a parity with state and county tax liens. The Florida Supreme Court has ruled that a tax deed based on a certificate issued for the nonpayment of state and county taxes, if executed prior to the effective date of the 1927 amendment, created an independent title from the State of Florida free of the inferior lien for drainage taxes. Though the record is not clear upon the point, it appears likely that Brown acquired the tax deed under which he claims under a certificate purchased at a time when such a deed might have extinguished all existing drainage tax levies and all future drainage tax levies for debt service purposes. If so, the claim filed by the district against the fund paid into the court for the acquisition of Brown's property should have been disallowed, at least to the extent of such taxes. It is therefore appropriate that the judgments as to Brown should be reversed and the causes remanded to the court below for a judicial determination of this question.

"The judgments as to all appellants, except I. Otto Brown, in Case No. 11348 and in Case No. 11355 are affirmed, and the judgment as to I. Otto Brown in each of said cases is reversed and the two causes are remanded to the District Court for further proceeding consistent with this opinion."

The Answers of I. Otto Brown in these cases specifically set forth the date when the tax certificate was purchased and the date when the tax deed, based thereon, was issued. The correctness of these dates stated in the Answers, were admitted by the Drainage District when the case was originally before this court. The Answers disclosed that the tax certificate was purchased August 3, 1925 and a tax deed issued thereon on February 1, 1928. The 1927 Amendment, Laws 1927, c. 12040, § 2, F.S.A. § 298.41, placed drainage taxes on a parity with state and county taxes, which theretofore had not been the law. This court held the tax deed and not the tax certificate determined the rights of the parties, as to the Brown lands, and as the tax deed was issued subsequent to the 1927 amendment to the Florida Drainage Law, the District was entitled to the money in the registry of the court to satisfy delinquent taxes due it.

When the case came on for rehearing this court construed the language of the Circuit Court of Appeals in its decision in Bostwick et al. v. Baldwin Drainage District et al., supra, as holding that the state and county tax certificate purchased prior to the 1927 amendment to the Drainage Law, controlled and operated to extinguish all existing drainage taxes and all future drainage tax levies for debt service purposes. Pursuant to this interpretation the court restricted the rehearing solely to a determination of the amount of maintenance taxes levied against these lands subsequent to 1924. The tax certificate was issued on delinquent state and county taxes for that year.

The evidence shows that for the years subsequent to 1924, $362.33 maintenance taxes were levied against parcel No. 16 C, in Case No. 481-J-Civil, and $734.77 maintenance taxes were levied against parcel No. 239, in Case No. 527-J-Civil. These figures were furnished the court in a sworn affidavit executed by Edward E. Hemphill, of counsel for the Drainage District and were summarized from Exhibits filed in this case. The calculations were made by counsel to save the court the necessary labor of making the calculations itself and is accepted as true and correct.

Counsel for I. Otto Brown objects to the court considering the affidavit of Edward E. Hemphill, which as the court stated above was prepared and filed at the direction of the court. The Court first requested counsel for both claimants to tabulate the information but counsel for claimant I. Otto Brown declined. The Court then requested Mr. Hemphill to undertake this calculation from the evidence submitted

and furnish same to the court, the information contained in said affidavit. Counsel for Mrs. Brown has been accorded every opportunity to check the accuracy of the amounts sworn to by the Hemphill affidavit. The objections of counsel for I. Otto Brown to its correctness is overruled.

■ Counsel for I. Otto Brown again attacked the validity of all tax levies made by the Baldwin Drainage District and again sought to submit evidence upon this issue. The issue raised is res judicata. It was so held by this court in its earlier decision of this case and the Circuit Court of Appeals affirmed this court upon this question. The court, therefore, sustained objections to the proffered evidence of counsel for I. Otto Brown in support of his contention that all tax levies made by the District were and are illegal.

Counsel for I. Otto Brown filed a request for specific findings of fact and conclusions of law, which would incorporate much of said proffered testimony offered in support of his contention that all tax levies made by the District were and are illegal. The court denies the request of counsel for I. Otto Brown to make such findings of fact and conclusions of law, and will make no findings of fact and conclusions of law other than those made in this memorandum decision.

Counsel for the Baldwin Drainage District calls the court's attention to the fact that this case was argued before the Circuit Court of Appeals in Atlanta, Georgia on October 17, 1945 and that on October 16, 1945 the Supreme Court of Florida handed down a decision in Jackson, et al., v. City of Lake Worth, et al., 23 So.2d 526, which counsel for the District contends modifies the law as theretofore announced by the Supreme Court of Florida in Sugar Bowl Drainage District v. Miller, 120 Fla. 436, 162 So. 707, Baldwin Drainage District v. MacClenny Turpentine Co., 154 Fla. 525, 18 So.2d 792 and State Adjustment Co. v. Winslow, 114 Fla. 609, 154 So. 325.

The court does not agree with counsel for the Drainage District as to the effect of the decision of the Supreme Court of Florida in Jackson et al., v. City of Lake Worth, et al., supra. In said case the court merely adhered to earlier decisions of that court regarding the title acquired to land purchased under Chapter No. 18296, Acts of 1937, F.S.A. § 192.35-192.38—the so-called Murphy Act. See Bice v. Haines City, 142 Fla. 371, 195 So. 919 and Carlisle v. Melbourne-Tillman Drainage District, et al., 143 Fla. 355, 196 So. 687. The court holds that the decision of the Supreme Court of Florida in Jackson et al., v. City of Lake Worth et al., supra, is not applicable to or controlling of the question before the Court in this case.

Counsel for I. Otto Brown argued with equal vigor that the maintenance tax levies made subsequent to the year 1924 are not valid liens against Brown's lands and for this reason do not constitute a prior lien against the funds in the registry of the court applicable to said lands. This contention is bottomed on proof that no money was expended for maintenance purposes by the District during the period and the charge is made that the proceeds from all maintenance taxes collected were illegally diverted. The claimants to the funds in the registry of the court are in agreement, and so stipulated, that the money collected for maintenance was used for other purposes.

■ The court holds that I. Otto Brown is now estopped to challenge the validity of the maintenance tax levies on the ground that the Trustees for the District improperly used the proceeds from taxes collected for maintenance purposes. Brown paid no maintenance taxes for the period involved and is in no better position, with reference to the conduct of the Trustees for the District during said period, than were the property owners in Watson v. Covington, et al., 148 Fla. 42, 3 So.2d 521 and Baldwin Drainage District v. MacClenny Turpentine Co., supra.

■ The question presented here for the court's decision is a narrow one and the court holds that by authority of a decision of the Circuit Court of Appeals in Bostwick, et al. v. Baldwin Drainage District, et al., supra, the only question for the determination by this court is whether the tax certificate was issued prior to the 1927 amendment to the Florida Drainage Law and the court having found that it was so issued

determines that the tax deed issued pursuant thereto wiped out all claims of the Baldwin Drainage District for taxes, except maintenance taxes, levied for the years subsequent to 1924.

The court holds that the Drainage District is entitled to collect maintenance taxes in the sum of $362.33 levied against parcel No. 16 C and to collect maintenance taxes in the sum of $724.77 levied against parcel No. 239. The balance of the money in the registry of the court, applicable to these two parcels belongs to I. Otto Brown. An Appropriate Order will be entered carrying this finding into effect.