388 So.2d 4 (1980)
Alvin N. ANDREWS, Appellant,
v.
PAL-MAR WATER CONTROL DISTRICT DEPARTMENT OF REVENUE of the State of Florida, A.D. "Augie" Malfregeot, Property Appraiser, Board of County Commissioners of Martin County, Florida, Acting As the Board of Tax Adjustment, Appellees.
DEPARTMENT OF REVENUE of the State of Florida, Appellant,
v.
PAL-MAR WATER CONTROL DISTRICT, A.D. "Audie" Malfregeot, Property Appraiser, Alvin N. Andrews, Tax Collector, Board of County Commissioners of Martin County, Florida, Acting As the Board of Tax Adjustment, Appellees.
Nos. 79-1605, 79-1639.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
*5 John T. Carmody, Jr., County Atty., and Robert Makemson, Asst. County Atty., Stuart, for appellant Alvin N. Andrews, and Jim Smith, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for appellant Department of Revenue.
Charles C. Chillingworth and Roxanne Beth Axelrod of Law Offices of Charles C. Chillingworth, Palm Beach, for appellee Pal-Mar Water Control District.
ANSTEAD, Judge.
This is an appeal from a final judgment holding that the appellee, Pal-Mar Water Control District, was entitled to a refund of 1976 ad valorem taxes paid under protest. We affirm.
Although the issues as framed by the appellant involve a determination of whether the appellee water management district is entitled to an exemption from ad valorem taxation pursuant to the provisions of Chapter 196, Florida Statutes (1975), it is our conclusion that the district is immune from tax liability and hence not subject to the provisions of Chapter 196.
The trial court found that the district was a political subdivision of the state and as such entitled to an exemption from ad valorem taxation under the provisions of Chapter 196. At issue in the trial court was whether the district was entitled to a Chapter 196 exemption and if so whether the district had complied with the provisions of Chapter 196 in order to secure such an exemption.
The state and its political subdivisions are immune from taxation since there is no power to tax them. Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975); Alford v. State, 107 So.2d 27 (Fla. 1958); Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1958); Orlando Utilities Comm'n. v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. denied 237 So.2d 539 (Fla. 1970).
We find no error by the trial court in its determination that the district was a political subdivision of the state.[1] Once that determination was made it is clear under the authorities cited, supra, that the district was immune from tax liability and hence entitled to a refund of the 1976 taxes paid under protest.[2]
Accordingly, the judgment of the trial court is affirmed.
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] See Op.Atty.Gen. 076-87, April 8, 1976 § 1.01(9), Fla. Stat. (1975). Chapter 298, Fla. Stat. (1975). But see Sugar Bowl Drainage District v. Miller, 120 Fla. 436, 162 So. 707 (1935).
[2] The property appraiser for Martin County testified that the property of other water control districts located in the county was not taxed.