T. S. POEKEL, *Appellant,* vs. BEAULAH B. DOWLING, and husband, ROBERT L. DOWLING, GEORGE C. BRYANT, and

wife, FLORENCE E. BRYANT, JULIUS A. GRASS and EMMA GRASS, his wife, and CITY OF GREEN COVE SPRINGS, a Municipal Corporation, *Appellees.*

Division B.

Opinion filed March 17, 1931.

Petition for rehearing denied April 17, 1931.

*A. H. Bell* and *Susie Smith Bell,* for Appellant;

*Edward S. Hemphill, Karl E. Whitaker, H. Lane Coachman* and *L. W. Jennings,* as amici curiae

WHITFIELD, P.J.—As authorized by Chapter 14572, Acts of 1929, T. S. Poekel brought suit "to foreclose the lien of" a tax deed which had been issued by the State under the statutes for nonpayment of State and county taxes upon lands. Parties claiming ownership of or contract liens upon the property were made defendants as was also the city of Green Cove Springs, a municipality which

claims liens for taxes and special assessments, all of which claims are alleged to be inferior to complainant's tax deed. The bill of complaint was dismissed. Complainant appealed.

The constitutionality of Chapter 14572 was sustained in Ridgeway v. Reese, 100 Fla. ...., 131 So. 136; Ridgeway v. Peacock, 100 Fla., ...., 131 So. 140.

A tax deed is subject to timely and appropriate adjudication of the validity of the tax proceedings upon which the tax deed is predicated. Chapter 14572 authorizes the holder of a tax deed to invoke foreclosure proceedings to test the rights of those who claim an interest in the land adversely to the tax deed holder. In such procedure those who claim against the tax deed may adduce the matters authorized by the law to be determined in the proceedings.

The statute and the tax deed each contains a provision that the land conveyed by the tax deed "shall continue subject and liable for any unpaid taxes thereon." The purchaser at the foreclosure sale takes no better title than the holder of the tax deed had; the land "continues subject and liable for any unpaid taxes thereon" until they are paid or otherwise discharged. The amounts of such "unpaid Taxes may be authoritatively determined in the foreclosure proceedings when proper parties are made in the suit.

Reversed.

BUFORD, C.J., AND ELLIS, TERRELL AND BROWN, J.J., AND HUTCHISON, Circuit Judge, concur.

DAVIS, J., disqualified.

### ON PETITION FOR REHEARING.

PER CURIAM.—The discussion of Chapter 14572, Acts of 1929, with reference to the authorized "foreclosure of

the lien of'' a tax deed and the citation of previous decisions, necessarily determined the challenged validity of Chapter 14572.

Rehearing denied.