T. S. POEKEL, *Appellant,* v. BEULAH B. DOWLING, et al., *Appellees.*

146 So. 662.

Opinion filed March 6, 1933.

*A. H. Bell* and *Susie Smith Bell,* for Appellant;

*Edward S. Hemphill,* for Appellees.

BUFORD, J.—In this case suit was filed to foreclose a tax deed issued on State and county tax certificates. It is the second appearance of this case in this Court. See Poekel v. Dowling, 101 Fla. 1171, 132 Sou. 836.

The Town of Green Cove Springs held liens in the form of tax certificates for ad valorem tax and also special im-

provement liens. On the mandate of this Court giving down the case came on to be heard on the special demurrer of the City and such special demurrer was sustained upon all grounds thereof. The grounds of the special demurrer were as follows:

"1. To that part of the bill of complaint which seeks to establish the tax deeds sued upon as a permanent and superior lien to the lien of the taxes of the City of Green Cove Springs;

"Because:

"(a) It does not appear from said part of the bill of complaint by appropriate allegations that the lien of the tax deeds sued upon is paramount and superior to the lien of the taxes of the City of Green Cove Springs;

"(b) It affirmatively appears from said part of the bill of complaint that the lien of the taxes of the City of Green Cove Springs is of equal rank and dignity and on a parity with the lien of the tax deeds sued upon.

"2. To that part of the bill of complaint which seeks to establish the tax deeds sued upon as a paramount and superior lien to the paving liens of the City of Green Cove Springs covering the same property;

"Because:

"(a) It does not appear from said part of the bill of complaint by appropriate allegations that the lien of the tax deeds sued upon is paramount and superior to the paving liens of the City of Green Cove Springs covering the same property.

"(b) It affirmatively appears from said part of the bill of complaint that the paving liens of the City of Green Cove Springs are of equal rank and dignity and on a parity with the lien of the tax deeds sued upon covering the same property.

"WHEREFORE, this defendant prays judgment whether it shall be compelled to answer said parts of the bill of complaint."

The questions involved in this case are ruled by the opinion and judgment in the case of City of Sanford v. Dial, filed January 12, 1932, reported 142 Sou. 233, in which it was said:

"The statutory provisions that 'all taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens,' Section 894, Compiled General Laws, 1927, and that a lien is created 'superior to all others' upon all real and personal property for taxes assessed against it, Section 894, Compiled General Laws, 1927, places upon an equal footing all valid State, county and municipal taxes as distinguished from special assessments."

"Special assessments are authorized by statute and are not expressly referred to in the Constitution, as are State, county and municipal taxes."

"The statutory provisions that municipal assessments for street improvements 'shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid,' do not make special assessment liens of equal dignity with liens for State, county and municipal taxes."

"In foreclosing State tax liens upon lands within a municipality, all past-due and unpaid State, county and municipal tax liens and municipal special assessment liens against the property should be adjudicated and the proceeds of the foreclosure sale should be applied first to all liens for past-due and unpaid taxes, including those held by the municipality or its assignees, if any, as well as those held by the State or its assignees; second, to the past-due special assessments; and then to the parties having an interest in the land as may be required by law and appropriate decree."

There are other enunciations of the law in that opinion, but the foregoing quotations cover the ruling points of this case.

On authority of the opinion and judgment in that case the order sustaining the special demurrer should be affirmed as to ground 1, and should be reversed as to ground 2, and it is so ordered and the case is remanded for further proceedings not inconsistent with this opinion.

WHITFIELD, TERRELL and BROWN, J. J., concur.

DAVIS, C. J., disqualified.