CITY OF TAMPA v. D. LEE. *et al.*

151 So. 316.

Opinion Filed November 13, 1933.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellant;

*Edwin Brobston,* for Appellees.

WHITFIELD, J. — The only question presented by the record filed herein is whether liens of special assessments for paving improvements made by the city under its charter Act, are of equal dignity with State and county taxes. This appeal is from a final decree in which liens for State, county and municipal taxes were given priority over city special assessments for paving improvements.

Statutes of the State contain the following:

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment." Section 894, Compiled General Laws, 1927.

Municipal charters usually make the lien for city taxes equal in dignity to liens for State taxes. This makes all State, county and municipal *taxes* of equal dignity unless otherwise provided by statute. See City of Sanford v. Dial, 104 Fla. 1, 142 So. 233. State, county and municipal taxes are "imposed pursuant to the Constitution and laws of this State," but special assessments according to benefits are not referred to in the Constitution and are levied by authority of statutes enacted under the inherent power of the Legislature subject to general provisions and principles of organic law. Poekel v. Dowling, 108 Fla. 582, 146 So. 662.

"Special assessments * * * shall be and remain liens superior in dignity to all other liens, except liens for taxes, until paid."   Sec. 3030, C. G. L., 1927.

Chapter 11332, Special Acts of 1925, Section 18, the Charter Act for the City of Tampa, makes a lien for special assessments to be "of the same nature and to the same extent as the lien for general city taxes."

Section 104, Chapter 9897, Special Acts of 1923, the Charter Act of the City of Sanford, made special assessment liens to be "superior in dignity to all other liens, except liens for taxes." This provision is similar to Section 3030, Compiled General Laws, 1927, above quoted. Under these provisions it was held that the lien of State, county and municipal taxes were of equal dignity; and that liens of special assessment were not of equal dignity with liens for State, county and municipal taxes. City of Sanford v. Dial, 104 Fla. 1, 142 So. 233. See Poekel v. Dowling, 108 Fla. 582, 146 So. 662.

The provision of the Charter Act of the City of Tampa that the lien of special assessments shall constitute a lien upon the property "of the same nature and to the same extent as the lien for general taxes" does not make liens of special assessments levied according to benefits of the same dignity as, or on a parity with, liens for State, county and municipal *taxes*. Taxes for governmental purposes are a primary charge upon property that is by law subject to such taxes. See 61 C. J. 932; Robinson v. Hanson, 282 Pac. 782.

Special assessments for property benefit improvements are ordinarily not of the same dignity as taxes for general State, county or municipal governmental purposes; and the statutory provision of the Special Charter Act that the lien of special assessments shall be "of the same nature and to the same extent as the lien for general city taxes" does not

clearly make the special assessment liens on a parity or of equal force and dignity with liens for taxes under the general law; see 59 C. J. 1058; and doubts should be resolved against such equality even if statutes may make special assessment liens and general tax liens equal in force and dignity without violating the intendments of organic law.

The quoted provision of the special or local city charter law is not inconsistent with the provision of the general law quoted herein, so as to make the special or local law operate as an exception to the general law under Section 24, Article III, Constitution, since by making a special assessment lien to be of the same nature and extent as a lien for general taxes, the statute does not establish equality of the liens, but makes the special assessment liens superior to all other lien not having the nature and extent of liens for general governmental taxes. This makes the liens for special assessments inferior to liens for State, county and municipal taxes, but superior to all other liens that may be put upon the property. Liens for Federal taxes are not involved or considered in this case.

Affirmed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.