CITY OF TAMPA v. ANGELINA SUAREZ, *et al.*

155 So. 804.

Opinion Filed May 21, 1934.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellant;

*Edwin R. Dickenson* and *L. A. Grayson,* for Appellees.

WHITFIELD, J.—Proceedings were brought under the statute in the Circuit Court for Hillsborough County, to foreclose the lien of a State and county tax sale certificate brought by an individual who purchased the certificate from the State. The record owner of the land, the holder of prior State and county tax sale certificates, and the City of Tampa owning tax liens and special assessment liens, were made parties defendant.

The court decreed that the special assessment liens were inferior to the State, county and city tax liens; and also held that the State, county and city tax liens are of equal dignity as to years in which taxes for State, county and city purposes remain unpaid, but that subsequent State tax liens have priority over city tax liens for years prior to those years for which the State has tax liens.

It appears that complainant held State and county tax sale certificates for unpaid taxes of 1929 and 1930, and had paid the taxes for 1931; that a defendant held State and county tax sale certificates for unpaid taxes of 1927 and 1928, and that the city held its tax sale certificates for the years 1924, 1925, 1927, 1928, 1929, 1930, 1931.

The court held that the liens of the city for taxes of 1924 and 1925 were subordinate to the State and county tax liens for subsequent years, upon the theory that State, county and city tax liens are of equal dignity only for unpaid taxes for the same years, and that when a city tax lien exists for a given year, but there is no State tax lien for that year, a tax lien on the property acquired by the State for a subsequent year, has priority over the tax lien of the city for the prior year.

The statutes of this State require all outstanding or unpaid taxes upon real estate to be paid or otherwise settled before a tax title to the land becomes complete or effective; and the statutes do not contemplate that as between unpaid State and county taxes and unpaid municipal taxes there shall be any priorities, even though the unpaid State and county taxes are for years subsequent to the years for which municipal taxes are due and unpaid.

The decree is erroneous insofar as it adjudges that State and county taxes for subsequent years have priority over

municipal taxes for prior years when there were no State tax liens on the property.

In City of Tampa v. Lee, 112 Fla. 668, 151 So. 316, it was held that the provision of Chapter 11232, Special Acts of 1925, the Charter Act of the City of Tampa, that the lien of special assessments constitute a lien upon the property "of the same nature and to the same extent as the lien for general city taxes," does not make liens of special assessments levied according to benefits of the same dignity as, or on a parity with, liens for State, county and municipal taxes. This accords with the holding in this case as to special assessment liens. See also State Adjustment Company v. Winslow, decided at this term.

Reversed in part and affirmed in part.

Remanded for appropriate proceedings.

DAVIS, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially.)—My view of the law of this case is as is stated in my opinion filed in the case of Coral Gables Properties v. Stolper on November 13th, 1933, and refiled at this term of the Court, but the majority of the Court have concurred in an opinion expressing the contrary view and thereby the law in that regard is settled in this jurisdiction, therefore I concur in the opinion to be filed herein.