CITY OF TAMPA v. E. L. BARBEE, *et al.*

155 So. 751.
Opinion Filed May 25, 1934.

*Alonzo B: McMullen* and *Ralph A. Marsicano,* for Appellant;

*Edwin Brobston,* for Appellee.

WHITFIELD, J.—A suit was brought December 3, 1931, under Chapter 14572, Acts of 1929, by E. L. Barbee, to foreclose the lien of a tax sale certificate, No. 8838, purchased by him at a tax sale, August 1, 1927, for unpaid State and county taxes for the year 1926, on Lot 5, Block 2, Bryan's Subdivision, according to the Plat thereof recorded in the Public Records of Hillsborough County, State of Florida, in Plat Book 1, page 95.

It was stipulated and decreed that complainants held liens on the property for unpaid State and county taxes for the years 1926, 1927, 1928, 1929, 1930; that the defendant, City of Tampa, held liens on the property for unpaid city taxes for the years 1919 to 1932, both inclusive; and that the City of Tampa held stated special assessment liens against the property. It was also decreed that the defendant, Calvert Land Company, held a lien for unpaid State and county taxes for the year 1925.

It was decreed that all liens for each year for unpaid State, county and municipal taxes be paid separately and ratably, beginning with the last year, 1932, working back to 1919. This would apparently make the proceeds of the sale of the land applicable (1) to the liens for city taxes alone for the years 1932, 1931, 1930; (2) to liens for State and county taxes and for city taxes ratably for the years 1930, 1929, 1928, 1927, 1926, 1925, and (3) to liens for city taxes for the years 1924, 1923, 1922, 1921, 1920, 1919; (4) special assessments.

The City of Tampa appealed. The decree properly subordinated the liens for special assessments to the first liens for State, county and municipal tax liens. City of Tampa v. Lee, 112 Fla. 668, 151 So. 316.

The apportionment of the proceeds of the foreclosure sale as decreed in satisfaction of first liens for State, county

and municipal taxes, does not comport with the decision in Allison Realty Company v. Graves Investment Company, filed today, where it is held that all liens for State, county and municipal taxes are of equal dignity without priorities among them and should be paid ratably upon an equal basis without regard to the year for which the taxes remain unpaid.

To this extent the decree is reversed for appropriate proceedings.

DAVIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.