TAX SECURITIES CORP. v. SECURITY INVESTMENT CORP. and GLADYS DUNCAN, Trustee.

155 So. 752.
Opinion Filed June 21, 1934.

*Brobston & Givens,* for Appellant;
No appearance for Appellees.

PER CURIAM.—This appeal is from a decree dismissing on motion a bill of complaint brought to foreclose the lien of a municipal tax sale certificate held by the appellant corporation.

When the purchasers of tax sale certificates invoke foreclosure proceedings to enforce the lien of the tax certificates, all unsatisfied tax liens may be duly adjudicated in the foreclosure decree so that title to the property may under the foreclosure decree be conveyed free of all matured tax liens and so as to avoid piecemeal or multiple suits.

Apparently this foreclosure suit was brought not under Chapter 14572, Acts of 1929, but pursuant to Section 1020 (749), C. G. L.

A foreclosure sale of property predicated only upon the lien of a municipal tax sale certificate would be subject to all unsatisfied liens for State, county and municipal taxes, without reference to the year from which the taxes are due; therefore, to avoid needless litigation when purchasers of tax sale certificates invoke foreclosure proceedings to enforce the liens of the certificates, municipalities and all other holders of outstanding tax sale certificates except the State, may be made parties defendant to the foreclosure suit so that their liens may be therein adjudicated even though the suit is not brought under Chapter 14572, Acts of 1929.

All liens for State, county and municipal ad valorem taxes including all valid tax sale certificates are first liens upon the property taxed, superior to all other liens acquired under State laws; and such liens are of equal dignity without priorities among them as to taxing units or as to the years for which the taxes were imposed. City of Sanford v. Dial, 104 Fla. 1, 142 So. 233; Poekel v. Dowling, 108 Fla. 582, 146 So. 662; Allison Realty Co. v. Graves Investment Co., filed May 25, 1934. The statutes provide for the issue and sale of tax certificates for unpaid ad valorem taxes which certificates evidence liens upon the property for unpaid taxes thereon. Section 1020, C. G. L.; First Trust & Savings Bank v. West Lake Inv. Co., 105 Fla. 590, 141 So. 894. In addition to Chapter 14572, Acts of 1929, the statutes authorize the holders of tax sale certificates to enforce in equity the liens of such certificates. See Section 1020 (794), C. G. L.; Section 896 (696), C. G. L. In enforcing such liens by foreclosure proceedings all parties except the State having tax liens against the property may be made

parties defendant so that all tax liens as well as all other liens upon the property may be adjudicated in the foreclosure suit; otherwise such tax liens will remain first liens upon the property after its sale and conveyance under foreclosure decree.

The State cannot be made a party defendant in a suit without its consent; and in tax lien foreclosure proceedings when all taxes due to, and tax liens held by, the State are not paid before foreclosure sale, such tax liens remain first liens on the property after the sale and until paid or legally satisfied, even though not so stated in the foreclosure decree and conveyance.

In this case the lien of a municipal tax sale certificate which was issued and sold for unpaid taxes on real estate in the city, is sought to be foreclosed. The owners of the land and others claiming judgment liens on the property are made parties defendant. It is not alleged that tax liens held by the State have been paid or satisfied and other tax lien holders, if any, are not made parties to the suit so that their tax liens may be duly adjudicated. Upon foreclosure decree, a sale and conveyance of the property would be subject to all tax liens including the liens of all State and municipal tax sale certificates whether held by the State and the municipality or by purchasers therefrom; and the liens would continue until legally satisfied.

As this suit was not brought under Chapter 14572, the bill of complaint is not required to allege that other tax liens have been satisfied. Nor is the complainant required by statute to make other tax lien holders parties defendant to the foreclosure suit; though, if there be any tax liens outstanding, a foreclosure sale and conveyance of the property will be subject thereto.

The tax sale certificate in this case was purchased at the

tax sale and purports to have been issued by the tax collector of the municipality.

The statutes other than Chapter 14572 do not authorize attorney fees to be adjudicated against adverse parties in the foreclosure of tax liens.

The bill of complaint is not subject to the motion to dismiss as interposed thereto.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.