CITY OF BRADENTON, a municipal corporation, v. D. LEE.
4 Cases: Nos. 4281, 4275-C, 4282-C, 4293-C.

CITY OF BRADENTON v. E. L. BARBEE.

162 So. 139.
Division B.
Opinion Filed June 14, 1935.

*John B. Singeltary,* for Appellant.

*Edwin Brobston,* for Appellee.

TERRELL, J.—Appellee, as complainant below, filed his bill of complaint in the Circuit Court for Manatee County

to foreclose a tax deed predicated on the non-payment of state and county taxes for the years 1927 to 1931, both inclusive. The bill of complaint was filed pursuant to Section 794 Revised General Statutes of 1920, Section 1020 Compiled General Laws of 1927, and the appellant, City of Bradenton, was made a party defendant for the purpose of extinguishing municipal tax liens for the years of 1926 to 1933, both inclusive.

A motion to dismiss the bill of complaint was denied. The ground of the motion was that the bill did not allege that state and county taxes for the years 1932 and 1933 had been paid. The instant appeal is from that decree.

In this situation the sole question posed for determination is whether or not it is necessary in a suit to foreclose a tax deed based on the non-payment of state and county taxes to allege the payment of subsequent taxes when a municipality is made a party defendant, the latter holding unpaid claims for municipal taxes and special assessments.

The appellant assumes that the property involved in this suit is of less value and will not sell for the amount of taxes outstanding against it at sale under final decree. Hence it contends that the bill of complaint should have, for said reason, been dismissed.

The contention of appellant is conclusively answered in the negative by the following from Tax Security Corp. v. Security Inv. Corp., et al., 115 Fla. 536, 155 So. 752.

"A foreclosure sale of property predicated only upon the lien of a municipal tax sale certificate would be subject to all unsatisfied liens for state, county, and municipal taxes, without reference to the year from which taxes are due; therefore, to avoid needless litigation when purchasers of tax sale certificates invoked foreclosure proceedings to enforce the liens of the certificates, municipalities and all other

holders of outstanding tax sale certificates except the State may be made parties defendant to the foreclosure suit, so that their liens may be therein adjudicated, even though the suit is not brought under Chapter 14572, Acts of 1929 (Ex. Sess.)"

The following cases are illuminative of this point. Allison Realty Co. v. Graves Inv. Co. 115, Fla. 48, 155 So. 745; Coral Gables Properties Inc., *et al.* v. Stolper, 115 Fla. 231, 155 So. 799.

These cases settle the rule in this State to the effect that we have a variety of methods of foreclosing tax liens, Chapter 14572, Acts of 1929; Section 794 Revised General Statutes of 1920, Section 1020 Compiled General Laws of 1927; Section 696 Revised General Statutes of 1920, Section 896, Compiled General Laws of 1927; and Section 3228 Revised General Statutes of 1920, Section 5034, Compiled General Laws of 1927, none of which are exclusive.

The said cases also settle the law in this State to be that one foreclosing a tax lien may make all parties having similar liens except the state parties defendant thereto so that all tax liens and other liens against the property may be adjudicated in the foreclosure suit. If, however, there are tax liens or parties owning them who are not made parties defendant such tax liens will remain liens upon the property after its sale and conveyance under the foreclosure decree.

In order to avoid multiple litigation the holder of a tax sale certificate may bring a foreclosure suit to have all unsatisfied tax liens adjudicated and the title cleared of all matured tax liens but such procedure is not mandatory. They may be cleared piecemeal if desired.

For these reasons the judgment below must be and is hereby affirmed.

The foregoing opinion is determinative of City of Bradenton v. D. Lee, No. 4281, first recited in the caption. In City of Bradenton v. D. Lee, No. 4275-C; City of Bradenton v. D. Lee, No. 4282-C; City of Bradenton v. D. Lee, No. 4293-C; City of Bradenton v. E. L. Barbee; identical questions were raised so the judgment below in each of said causes is affirmed on authority of the foregoing opinion.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.