NORTHERN INVESTMENT CORPORATION v. MUTUAL REALTY COMPANY, a Florida Corporation, CITY OF FORT MYERS, a Municipal Corporation.

174 So. 849.

Division A.

Opinion Filed June 3, 1937.

*William P. Simmons, Jr.,* and *Clyde H. Wilson,* for Appellant;

*Sheppard & Clements* and *Allen Clements,* for Appellees.

BUFORD, J.—The appeal here is from an order dismissing the City of Fort Myers as a party defendant in a suit instituted by appellant to foreclose liens evidenced by certain tax sale certificates issued upon the sale of certain lands for the non-payment of taxes assessed for the year 1927 and for the year 1928, respectively, together with the amount of subsequent and omitted state and county taxes.

Certificate No. 1421 was issued to the complainant on August 6th, 1928, because of the non-payment of taxes for the year 1927. Certificate No. 1264 was purchased by plaintiff from the Clerk of the Circuit Court on March 6th, 1931. That certificate was issued on August 5th, 1929, at the sale for delinquent taxes of 1928.

Suit was filed on November 21st, 1935. The City of Fort Myers was made party defendant because, as is alleged in the bill of complaint, "plaintiff is informed that the defendant, City of Fort Myers, has or claims some interest in and to the above described property by virtue of unpaid City of Fort Myers ad valorem taxes and unpaid municipal improvement liens, but the exact extent or nature of the interest of said defendant is unknown to the plaintiff, but plaintiff alleges that the liens of said defendant for ad valorem taxes are of equal dignity with the aforesaid lien of the plaintiff."

The City of Fort Myers filed its answer, in which it alleged that upon information and belief the allegations of the bill of complaint are true, and further alleged:

"The exact extent or nature of the liens and claims of the defendant, City of Fort Myers, to the property described in the bill of complaint, is as follows:

"Schedule of City Tax Certificates held by City of Fort Myers, subsequent omitted city taxes and other liens held by City:

|  | Principal | Interest |
|---|---|---|
| "1928 Certificates Nos. 4662 to 4683 (1927 taxes) | $321.65 | $225.98 |
| 1929 Certificates Nos. 1238 to 1259 (1928 taxes) | 326.60 | 209.02 |
| 1930 Certificates Nos. 1377 to 1389 (1929 taxes) | 363.90 | 203.78 |
| 1931 Certificates Nos. 1736 to 1748 (1930 taxes) | 298.15 | 143.11 |
| 1932 Certificates Nos. 1967 to 1979 (1931 taxes) | 225.06 | 42.49 |
| Subsequent omitted taxes for year 1932 | 200.64 | 68.66 |
| Subsequent omitted taxes for year 1933 | 149.80 | 38.62 |
| Subsequent omitted taxes for year 1934 | 160.40 | 22.46 |
| Current taxes for year 1935 | 176.44 | |
| Total | $2,222.64 | $954.12 |

"Therefore, City of Fort Myers prays as follows:

"1. That its liens for City Taxes and assessments be declared to be of equal dignity with the liens of the plaintiff.

"2. That in event of foreclosure and sale of property that the City of Fort Myers be paid its proportionate share of the proceeds as is required by law."

The defendant Mutual Realty Company moved to dismiss the bill of complaint upon the following grounds:

"1. The allegations of the bill do not entitle the plaintiff to the relief prayed for therein.

"2. The bill seeks to foreclose alleged tax liens contrary to law."

Mutual Realty Company also filed motion to strike in the following language:

"The defendant Mutual Realty Company, a Florida corporation, moves the Court to strike from the bill of complaint the following matter in paragraph 4 thereof, 'Plaintiff is informed that the defendant, City of Fort Myers, has or claims some interest in and to the above described property by virtue of unpaid City of Fort Myers ad valorem taxes—, but the exact extent and nature of the interest of said defendant is unknown to the plaintiff, but plaintiff alleges that the liens of said defendant for ad valorem taxes are of equal dignity with the aforesaid lien of the plaintiff,' upon the following grounds:

"1. The same seeks the foreclosure of City of Fort Myers, Florida, tax certificates contrary to law.

"2. The charter of City of Fort Myers, Florida, prohibits foreclosure action on any ad valorem taxes prior to June 1st, 1936."

Motion to strike was denied. Amendment to the bill of complaint was filed, in which amendment it was alleged:

"Plaintiff is informed that the liens of the defendant, City of Fort Myers, for ad valorem taxes against the above described property, are as follows:

"Face amount of 1926 taxes _____ $316.01
Face amount of 1927 taxes _____ 321.65
Face amount of 1928 taxes _____ 326.60
Face amount of 1929 taxes _____ 363.90

| | |
|---|---|
| Fàce amount of 1930 taxes | 298.15 |
| Face amount of 1931 taxes | 225.06 |
| Face amount of 1932 taxes | 200.64 |
| Face amount of 1933 taxes | 149.80 |
| Face amount of 1934 taxes | 160.40 |
| Current taxes 1935 | 176.44 |
| | $2,222.64 |

that the defendant, City of Fort Myers, is entitled to a lien against the above described property for the sums as above set forth, together with interest thereon as allowed by law, which interest is in the total sum of $954.12 as is shown by the answer filed by the City of Fort Myers in this cause. Plaintiff alleges that the aforesaid liens for ad valorem taxes of the defendant, City of Fort Myers, are of equal dignity with the liens of the plaintiff. Plaintiff further alleges that it is informed that there are no unpaid municipal improvement liens against said property, but plaintiff says that if in fact there be such liens, they are inferior and subordinate to the lien of the plaintiff."

Mutual Realty Company thereafter filed another motion to dismiss, containing two grounds, as follows:

"1. The allegations of the bill do not entitle plaintiff to the relief prayed for therein.

"2. The bill seeks to foreclose alleged tax liens contrary to law."

And filed motion to strike the amendment to the bill of complaint above quoted.

On October 14th, 1936, Order of the Chancellor was filed by the Clerk of the Court and recorded, wherein it was adjudged and decreed as follows:

"It Is Therefore, Ordered, Adjudged and Decreed as follows:

"1. That the defendant, City of Fort Myers, be and it is hereby dismissed as a party defendant in this cause, at the cost of the plaintiff.

"2. That the defendant, Mutual Realty Company, a Florida corporation, be and it is hereby allowed to and including the Rule Day in November, 1936, to answer the bill of complaint as it may be advised."

From that Order appeal was taken.

The contention in the court below and the contention here is that by the provisions of Section 126 of Chapter 16425, Special Acts of 1933, complainant was precluded from making the City of Fort Myers party defendant for the purpose of having the tax lien described in the amendment to the bill of complanit adjudicated in that suit. Section 126, *supra,* is as follows:

"Section 126. No tax certificate shall be foreclosed that has been issued by the City less than five years prior to the commencement of such foreclosure action, and no foreclos-ure action on any tax certificate issued by the City shall be commenced prior to the first day of June, A. D. 1936."

It was contended by the complainant in the court below, plaintiff in error here, that the provisions of Section 126, *supra,* were not germane to the title of the Act and was further contended that the provisions of that section if constitutionally included within the Act, could not affect the rights of the complainant which were acquired prior to the enactment of that statute. We shall not discuss the first contention, as an adjudication of it is not necessary to the disposition of this case.

At the time of the issuance of the tax certificates on sale of lands for non-payment of taxes and at the time they were acquired by the complainant, there were no provisions in the charter of the City of Fort Myers prohibiting the foreclosure of the liens created by the nonpayment of

taxes assessed by the City of Fort Myers. Prior to the enactment of Chapter 16425, *supra,* the charter Act of the City of Fort Myers provided:

"The collector shall proceed to collect delinquent taxes and sell lands and personal property for the payment thereof in substantially the manner and subject to the same penalties provided by State law for county tax collectors, and he shall be subject to the same penalties for any violation of duty or authority as county tax collectors."

Chapter 14049, Special Acts 1929, in Section 47 thereof provided:

"All taxes shall be due and payable on the first day of November in each year, and the books shall be closed on the 31st day of March thereafter, and the Collector shall then proceed to enforce payment of delinquent taxes, as hereinafter provided. All taxes paid in November shall be discounted 2 per cent, and taxes paid in December shall be discounted 1 per cent. All penalties provided by general law for nonpayment of State and County taxes shall be applicable and collected for nonpayment of taxes due to the City of Fort Myers."

This Act amended the provisions of Section 47 of Chapter 12743, Special Acts 1927, which was as follows:

"Sec. 47. All taxes shall be due and payable on the 1st day of November in each year, and the books shall be closed on the 31st day of March thereafter, and the Collector shall then proceed to enforce payment of delinquent taxes, as hereinafter provided. All taxes paid in November shall be discounted 5%. Property on which the taxes have not been paid on or before March 31st shall be assessed at 5% penalty for non-payment; provided, that if an emergency should arise which, in the opinion of the Commission, is deemed sufficient to warrant such action, the Commission may in its discretion, by four-fifths vote of the entire Com-

mission, extend the time for the closing of the tax books and the collection of taxes and for the enforcement of the penalty for non-payment thereof; provided, also, that such extension of time shall not exceed thirty days, and provided further that the decision of the Commission to grant such extension of time and the reason therefor, shall be publicly announced."

So it is that when the appellant acquired the tax certificates here involved tax liens in favor of the City of Fort Myers were foreclosable in the same manner in which State and County tax certificates were subject to foreclosure. The appellant acquired the State and County tax certificates with the right under the law as it existed at that time to enforce the payment thereof by foreclosure. See Section 794 R. G. S., 1020 C. G. L.; Section 3228 R. G. S., 5034 C. G. L.; and Section 696 R. G. S., 896 C. G. L.

In City of Sanford v. Dial, 104 Fla. 1, 142 Sou. 233, we held:

"If in the foreclosure of a State tax lien any taxes or special assessments upon the land involved becomes past due and are unpaid before suit is brought or pending final decree in the suit, they should all be duly adjudicated by original or supplemental proceedings and appropriate decree in the cause, in order that such liens for past due taxes and special assessments may be extinguished, and a title 'indefeasible as to all parties defendant in the action' may be passed to the purchaser at the foreclosure sale as contemplated by Section 28, Chapter 14572.

"21. In foreclosing State tax liens upon lands within a municipality, all past due and unpaid State, county and municipal tax liens and municipal special assessment liens against the property should be adjudicated and the proceeds of the foreclosure sale should be applied first to all liens for past due and unpaid taxes, including those held by

the municipality or its assignees, if any, as well as those held by the State or its assignees; second, to the past due special assessments; and then to the parties having an interest in the land as may be required by law and appropriate decree.

"22. Foreclosure sales under State tax liens will be subject to liens for taxes and special assessments which will thereafter become due upon the property and to past due tax and special assessment liens not duly adjudicated and extinguished.

"23. The statements in the original opinion herein, 142 So. 233, that unpaid taxes and assessments remain liens upon lands until paid where the lands are sold in tax foreclosure proceedings for less than all past due taxes and assessments should be confined to liens for taxes and assessments that become due subsequent to the decree of sale and to such liens for past due taxes and special assessments as have not been duly adjudicated and extinguished."

See also City of Bradenton v. Lee, 120 Fla. 100, 162 Sou. 139; Allison Realty Co. v. Graves Investment Co., 115 Fla. 48, 155 Sou. 745; Coral Gables Properties, Inc., v. Stopler, 115 Fla. 231, 155 Sou. 799; City of Tampa v. Barbee, 115 Fla. 46, 155 Sou. 751; City of Tampa v. Suarez, 115 Fla. 1, 155 Sou. 804; Security Land Investment Co. v. Ranger Realty Co., 115 Fla. 640, 156 Sou. 23.

In the latter case we held:

"Nor was any error in allowing the foreclosure in one suit of all the tax certificates held against the same land by the same complainant, even though some of the tax certificates were city certificates and some were not subject to foreclosure under Chapter 14572, Acts of 1929, had suit been brought on them alone.

"In the present case the court acquired jurisdiction under Chapter 14572, *supra,* to foreclose the State and county tax

certificates sued on and it was not only permissible but an approved practice for the complainant to include in one bill and in one decree of foreclosure all of the outstanding unpaid tax certificates against the same property in order that full relief might be accomplished and in order that the entire series of unpaid tax certificates of all kinds outstanding against the property might be adjudicated and the land when sold under foreclosure, freed of the lien of such certificates."

Section 126 of Chapter 16425, Special Acts 1933, was not effective to deprive the complainant of any of the material rights which he acquired under the law as existing at the time by the acquisition of the state and county tax sales certificates above referred to. While the provisions of Section 126, supra, might be held to preclude the City of Fort Myers from proceeding with the foreclosure of any tax sale certificates held by it, prior to June 1, 1936, and might also preclude one who acquired municipal tax sale certificates from the City of Fort Myers subsequent to the enactment of Chapter 16425, from proceeding to foreclose such certificates prior to June 1, 1936, neither question is involved here. There was no effort to effectuate a foreclosure of the municipal tax liens in this suit. The purpose of this suit is to foreclose the state and county tax certificates which had been acquired by the complainant long prior to the enactment of Chapter 16425 and in that suit to have the tax liens held by the City of Fort Myers adjudicated and discharged. . This he was entitled to do, as heretofore stated, under the law as it existed when he acquired the state and county tax sale certificates. The complainant placed no greater burden on the delinquent tax land owner than already rested upon him. The delinquent tax land owner was not deprived of his right to redeem the lands from the lien of the state and county tax certificates and,

thereupon, to have complainant's suit dismissed. And this right continued, whether the delinquent tax land owner elected to pay the delinquent municipal taxes creating a lien in favor of the municipality or not.

The complainant had the right, under the law, to make the City of Fort Myers a party defendant in this suit for the purpose of having its liens created by delinquent municipal taxes adjudicated and extinguished, provided the defendant owner of the delinquent tax land should fail and refuse to redeem the same from the lien created by the delinquent tax lien as evidenced by the certificates held by the complainant.

The municipality had the right, although it may not have been in position to foreclose its liens for delinquent taxes, to come in as a defendant in this suit and submit its delinquent tax liens for adjudication, have the same discharged, and receive its proportion of the fund derived from the foreclosure sale in consideration for such discharge.

Having reached the conclusion above stated, the other questions presented by the appellant become immaterial to the disposition of this case. Therefore, the same will not be discussed.

For the reasons stated, the order appealed from is reversed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.