QUESTION:
What is the proper procedure for the sale of real property acquired by the foreclosure of county-held tax sale certificates under s. 197.650, F. S. 1971?
In situations where the 2-year period has expired, bringing the sale under s. 125.33, F. S., the property can be sold upon published notice and in the manner prescribed by s. 125.35 and cannot be sold by negotiation with a prospective purchaser without new advertisement or readvertisement.
SUMMARY:
Property, subject to the lien of privately held tax sale certificates, acquired by the county prior to December 31, 1972, by judicial foreclosure of county-held tax sale certificates, must be sold in accordance with the procedures set forth in Ch. 197, F. S. 1971.
Prior to December 31, 1972, the county acquired title to property subject to the lien of county-held tax certificates by judicial foreclosure. Upon entry of a final decree, title to the property was vested in the county free of all liens and claims of every kind. Individual holders of tax sale certificates were `restricted and confined solely to the right to participate in proceeds received from said lands upon the sale thereof by the board of county commissioners . . . pro rata,' s. 197.650(6), F. S. 1971.
Within 90 days from the date of the entry of the final decree, the board of county commissioners was required to establish a value for each parcel `not less than fifty percent of the amount of the last assessed valuation appearing upon the county tax roll,' s. 197.700(1), F. S. 1971.
Upon the deposit of the statutorily prescribed amount with the clerk of the circuit court by any person desiring to purchase the parcel and after publication of the notice of sale in a newspaper of general circulation in the county where the parcel was situated once each week for 2 successive weeks by said clerk, the county could dispose of the land at public sale to the highest bidder, s. 197.700(2), F. S. 1971.
If no application to purchase the property was submitted within 2 years after said property had been available for sale, the county was authorized to dispose of the land in any method provided by law, s. 197.700(2), F. S. 1971.
Section 125.35, F. S., provides the method for the sale of property belonging to the county. The sale of said property can be made only after notice of the sale has been published in a newspaper of general circulation in the county once a week for at least 2 weeks. The board of county commissioners is then authorized to accept the highest bid, unless said board rejects all bids as too low, s. 125.35, F. S.
Although Ch. 72-268, Laws of Florida, effective December 31, 1972, and Ch. 73-332, Laws of Florida, made major changes in Ch. 197, F. S. 1971, the above procedures set forth in the now repealed sections of Ch. 197 govern the sale and disposition of property acquired by the county prior to December 31, 1972, by the foreclosure of county-held tax sale certificates.
It is well established that the rights of holders of tax sale certificates other than governmental agencies are to be determined by the laws in force at the time the certificates are acquired.See Leland v. Andrews, 176 So. 418 (Fla. 1937); Northern Inv. Corporation v. Mutual Realty Co., 174 So. 849 (Fla. 1937); and AGO 074-202.
Under Ch. 197, F. S. 1971, an individual certificate holder was assured that for a period of 2 years following the entry of the final decree, property, if sold, would produce an amount not less than 50 percent of the last assessed valuation. Upon termination of the 2-year period, the property could be sold to the highest bidder without any guarantee that said property would generate a definite return, unless the board of county commissioners, in its discretion, rejected all bids as too low. Therefore, the individual certificate holder, participating on a pro rata basis in proceeds from the sale, would desire said proceeds to be as high as possible.
Each time county-owned property is offered for sale, the provisions of Ch. 197, F. S. 1971, and s. 125.35, F. S., must be complied with, including the necessity to republish the notice of sale. The sale of said property cannot be effected by negotiation with a prospective purchaser without readvertisement, even though the property was advertised previously as required by s. 125.35. Where a controlling statute directs the procedure for accomplishing some object, it is, in effect, a prohibition against accomplishing the object in any other manner [See Alsop v. Pierce,19 So.2d 799, 805, 806 (Fla. 1944); and In re Advisory Opinion of the Governor, Civil Rights, 306 So.2d 520, 523 (Fla. 1975)]; and, where a statute expressly mentions one procedure (e.g., the sale by notice published for 2 weeks to the highest bidder), it impliedly excludes another procedure. See Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1972); and Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974).
Based upon the above-quoted statutory and case authority, it is my opinion that property, subject to the lien of privately held tax sale certificates, acquired by the county prior to December 31, 1972, by foreclosure of county-held tax sale certificates must be sold in accordance with the procedures set forth in Ch. 197, F. S. 1971.
Although more than 2 years have elapsed since the amendment of Ch. 197, F. S. 1971, thus bringing the sale of said property under the provisions of s. 125.35, F. S., the individual certificate holder still has an interest that the proceeds be distributed pursuant to the prior act.
Prepared by: Patricia J. Turner Assistant Attorney General