605 So.2d 132 (1992)
SARASOTA-MANATEE AIRPORT AUTHORITY, a political subdivision of the State of Florida, Appellant,
v.
John W. MIKOS, as Sarasota County Property Appraiser, Barbara Ford-Coates, as Sarasota County Tax Collector; and Florida Department of Revenue, Appellees.
No. 92-00125.
District Court of Appeal of Florida, Second District.
August 26, 1992.
Rehearing Denied September 30, 1992.
*133 Charles D. Bailey, Jr. of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, and Benjamin K. Phipps of Fine Jacobson Schwartz Nash Block & England, Tallahassee, for appellant.
John C. Dent, Jr. and Robert K. Robinson of Dent, Cook & Weber, Sarasota, for appellee Mikos.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph C. Mellichamp, III, Sr. Asst. Atty. Gen., Tallahassee, for appellee Florida Dept. of Revenue.
No appearance for appellee Ford-Coates.
PER CURIAM.
The Sarasota-Manatee Airport Authority (SMAA) appeals a final order dismissing with prejudice its complaint for declaratory relief. We reverse.
In June of 1990, John W. Mikos, the Sarasota County Property Appraiser, notified the SMAA of his intention to impose ad valorem taxes upon the SMAA's fee simple interest in property which had ceased to be used for exempt public or governmental purposes. The SMAA filed a complaint for declaratory judgment seeking a determination of the taxability of its fee interests and the interests of nongovernmental lessees. On Mikos' motion, the trial court dismissed the complaint with prejudice, finding that the SMAA is not immune from local taxation but is an entity in the nature of a municipality which is only entitled to an exemption from ad valorem taxation for properties used for an exempt purpose as defined by Chapter 196, Florida Statutes. We disagree.
Our examination of the legislative enactments creating the SMAA leads us to conclude that it is a political subdivision of the state, more in the nature of a county than of a municipality, and is therefore immune from taxation. The SMAA is a bicounty governmental agency created by special act of the Florida legislature, chapter 31263, Laws of Florida (1955), and revised by chapter 91-358, Laws of Florida. In chapter 91-358, section 18, the legislature designated the SMAA a political subdivision within the meaning of government property tax exemptions granted under section 196.199, Florida Statutes. The record reflects that the SMAA is an independent special district as defined by section 189.403, Florida Statutes (1991), and has been identified as such by the Florida Department of Community Affairs, pursuant to section 189.4035, Florida Statutes (1991). Special districts that are created as political subdivisions of the state enjoy the same immunity from taxation as does the state. See Andrews v. Pal-Mar Water Control Dist., 388 So.2d 4 (Fla. 4th DCA 1980), rev. den., 392 So.2d 1371 (Fla. 1980).
The state and its political subdivisions are immune from taxation because there is no power to tax them. Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975); Orlando Utilities Comm'n v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. den., 237 So.2d 539 (Fla. 1970); Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1957). This is true despite statutory *134 references to such property as being exempt. 99 So.2d at 573.
We have considered City of Orlando v. Hausman, 534 So.2d 1183 (Fla. 5th DCA 1988), rev. den., 544 So.2d 199 (Fla. 1989), Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla. 1968), and section 196.199(4), Florida Statutes, but find these authorities inapplicable in light of our determination that the SMAA is immune.
We therefore reverse the final order dismissing the SMAA's complaint and remand for further proceedings. On remand, the trial court should determine the taxable status of the various leasehold interests, which are separate and distinct from the SMAA's fee interest, in accordance with section 196.199(2), Florida Statutes (1991).
In light of our decision, we need not address the SMAA's other points on appeal.
Reversed and remanded.
LEHAN, C.J., and CAMPBELL and THREADGILL, JJ., concur.