Mr. Charles D. Bailey, Jr. Attorney at Law Post Office Box 3258 Sarasota, Florida 34230-3258
Dear Mr. Bailey:
As attorney for the Sarasota-Manatee Airport Authority you ask for my opinion on substantially the following question:
Is the Sarasota-Manatee Airport Authority a "governmental unit" within the scope of Ch. 274, F.S., such that it would be required to follow the statutory requirements for disposal of personal property pursuant to s. 274.05, F.S.?
In sum:
The Sarasota-Manatee Airport Authority is not a "[g]overnmental unit" as that term is defined in s. 274.01(1), F.S., and, therefore, is not required to follow the provisions of Ch. 274, F.S., relating to the disposal of personal property.
The Sarasota-Manatee Airport Authority (SMAA) is a bicounty governmental agency created by special act of the Florida Legislature[1] for the purpose of "acquiring, constructing, improving, financing, operating, and maintaining airport facilities."[2] The enabling legislation for the authority states that it is "a body politic and corporate" and a "public instrumentality"[3] and it is specifically designated a political subdivision within the meaning of government property tax exemptions granted under s. 196.199, F.S.[4] The SMAA is an independent special district as defined by s. 189.403, F.S. (1992 Supp.) and has been identified as such by the Florida Department of Community Affairs pursuant to s. 189.4035, F.S. (1992 Supp.).[5]
Chapter 274, F.S., relates to tangible personal property owned by a governmental unit and provides a comprehensive method for the supervision, control, and management of such property. "Governmental unit" is defined for purposes of this chapter as "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county."[6]
Pursuant to s. 274.12, F.S., "[e]very special district governed by the provisions of this act shall comply with the provisions [relating to disposal of surplus property]."[7] (e.s.) Therefore, if, as a special district, the SMAA is the governing board, commission or authority of a county or of a taxing district of the state, the provisions of Ch. 274, F.S., would apply.
As a bicounty entity, it is clear that the SMAA is not a commission or authority of a single county. As noted above, the Department of Community Affairs has determined that the SMAA is an independent special district pursuant to s. 189.403(3), F.S. (1992 Supp.). The term "[i]ndependent special district" is defined for purposes of Ch. 189, F.S. (1992 Supp.), as "a special district that is not a dependent special district as defined in [s.189.403(2), F.S. (1992 Supp.)]"[8] Further, the statute provides that "[a] district that includes more than one county is an independent special district unless the district lies wholly within the boundaries of a single municipality." The SMAA clearly falls within the definition of an independent special district.
The SMAA has no taxing powers and would not be considered a taxing district of the state. For revenue raising purposes, the enabling legislation for the SMAA authorizes the issuance of bonds "for . . . paying all or any part of the cost of acquiring, constructing, reconstructing, improving, extending, enlarging, or equipping any airport authority facilities." However, the authority has no independent taxing power.[9]
Therefore, the Sarasota-Manatee Airport Authority does not fall within the definition of a "[g]overnmental unit" in s. 274.01(1), F.S., and would not be a special district which must comply with the provisions of s. 274.05, F.S., relating to the disposal of property. However, several provisions of the special act creating the authority may provide some direction to the authority in its actions.
Chapter 91-358, s. 5(1), Laws of Florida, provides that the authority is empowered to "adopt bylaws for the regulation of its affairs and the conduct of its business." Section 5(6), states that the authority may "sell or otherwise dispose of, . . . airport facilities that it has determined are no longer used or
useful for airport purposes, subject, however, to any limitations imposed on such leasing or disposition by any bonds issued by the authority hereunder or by any proceedings taken in connection with the issuance of such bonds or by any contracts entered into hereunder with either or both of the counties of Sarasota and Manatee." Finally, pursuant to s. 5(11), of the special act, the authority may "acquire such personal property as it considers necessary in connection with the acquisition, construction, reconstruction, improvement, extension, enlargement, equipment, operation, maintenance, or repair of any airport facilities; and . . . hold and dispose of all such real and personal property under its control." Although the provisions of s. 274.01(1), F.S., do not control the actions of the authority in this regard, the SMAA may not act arbitrarily or capriciously but may exercise reasonable discretion in utilizing any practicable method for the disposal of property that will safeguard the public interest.[10]
In sum, it is my opinion that the Sarasota-Manatee Airport Authority is not a "[g]overnmental unit" within the scope of s.274.01(1), F.S., and is not required to follow the provisions of Ch. 274, F.S., relating to the disposal of personal property. The authority may exercise reasonable discretion within the parameters of the special act in disposing of such property and must act in the public interest and not arbitrarily or capriciously.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Chapter 31263, Laws of Florida (1955), as amended by Chs. 91-358 and 92-242, Laws of Florida.
[2] Section 3(1), Ch. 91-358, Laws of Florida.
[3] Id.
[4] Section 18, Ch. 91-358, F.S.
[5] See, Sarasota-Manatee Airport Authority v. Mikos,605 So.2d 132, 133 (2 D.C.A. Fla., 1992).
[6] Section 274.01(1), F.S.
[7] Section 274.05, F.S., provides a procedure for classifying and disposing of surplus property by a governmental unit.
[8] Section 189.403(3), F.S.
[9] Compare, s. 9(2)(a), Ch. 91-358, Laws of Florida, which authorizes the board of county commissioners of both Sarasota and Manatee to levy an annual ad valorem tax on property in those counties for the purpose of providing funds for contribution to the authority for use by the authority for the acquisition, construction, reconstruction, improvement, extension, enlargement, equipment, maintenance, or operation of any airport facilities and for the payment of the principal of and premium, if any, and interest on any bonds issued by the authority under this act other than bonds issued pursuant to section 10 of this act.
Thus, while the SMAA does not possess the taxing power, the two counties involved may levy and collect ad valorem taxes to provide funds for the use of the authority.
[10] See generally, 73 C.J.S. Public Administrative Law and Procedure s. 60, p. 528; cf., AGO 90-44 (the general rule with regard to bidding by public agencies is that, in the absence of any legislative requirement regarding the method of awarding public contracts, public officers may exercise reasonable discretion, and a contract may be made by any practicable method that will safeguard the public interest); AGO 84-29 (in the absence of a specific constitutional or statutory provision therefore, a noncharter county has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious).